Joan CLINE, Appellant,

v.

Sheriff Ted HOOGLAND and his wife,
Gertrude Hoogland, Appellees.

No. 74–1864.

United States Court of Appeals,
Eighth Circuit.

Submitted April 17, 1975.

Decided June 10, 1975.

Donald E. O'Brien, Sioux City, Iowa, for appellant.

James W. Redmond, Sioux City, Iowa, for appellees.

Before ROSS, STEPHENSON and WEBSTER, Circuit Judges.

ROSS, Circuit Judge.

This is an action for false arrest and false imprisonment by Joan Cline against Ted Hoogland, Sheriff of Sioux County, Iowa, and Gertrude Hoogland, as the sheriff's matron. The plaintiff is a citizen of Nebraska, the defendants are citizens of Iowa, and the amount in controversy exceeds $10,000. The cause came before Chief Judge Edward J. McManus in the Northern District of Iowa, who granted summary judgment for defendants and denied plaintiff's motions for post judgment relief. We determine that we lack jurisdiction to review the judgment, and affirm the order denying post judgment relief.

The uncontroverted facts establish that in November 1971, five checks were forged on the account of a Northwestern College student, Lynette Kuehl, and given to merchants in Orange City, Iowa, where the college is located. Sheriff Hoogland was notified that these checks had been uttered by a heavy, dark-haired Indian female of average height, who identified herself as a student of the college. Sheriff Hoogland learned that two Indian girls were registered at Northwestern: the plaintiff, Joan Frances Cline, and Frances Marie Miller. The sheriff was also told the girls may have been together at the time the bad checks were passed. One of the checks was ostensibly made payable to and endorsed by Joan Cline. On about December 1, 1971, a college official called the sheriff and told him that one of the girls had asked the college to arrange for her mother to take her to Winnebago, Nebraska.

With this information, the sheriff, accompanied by his wife, went to the college to question Joan Cline or Frances Miller. When he arrived at the residence hall where both lived, Frances Miller could not be located. He did speak to Joan Cline, who is an Indian female of average height, and who has dark hair. Ms. Cline denied knowledge of the forgery. After allowing her to place a telephone call to her father, Sheriff and Mrs. Hoogland took her into custody and drove her to his office. She was questioned for 10–30 minutes, until a clerk in one of the stores which had accepted forged checks identified Frances Miller as the forger and not Joan Cline. Thereupon, Joan Cline was released.

Based on the above undisputed facts, defendants moved for summary judgment. No resistance was filed and the motion was granted on the theory that there was probable cause for the arrest, so the sheriff and Mrs. Hoogland were immune from suit under Iowa law.

The plaintiff then sought to have the judgment set aside in order to file a resistance to the motion for summary judgment. It was alleged in support of the motions that the failure to file a resistance was due to the busy schedule of plaintiff's lawyer. These post decisional motions were denied.

On appeal Ms. Cline argues that it was error to grant summary judgment and that the judge abused his discretion in denying her post judgment motions. The Hooglands take the opposite view, of course, but also contend that this court lacks jurisdiction to review the district court's disposition of the case because notice of appeal was not filed within the time allowed in Fed.R.App.P. 4.

■ Summary judgment was entered on September 13, 1974, and on September 24, 1974, plaintiff filed motions under Fed.R.Civ.P. 52(b), 59(a) and 60. The judge ruled that rules 52(b) and 59(a) were inapplicable to summary

judgments, since there had been no findings of fact or trial. The motion was therefore considered only under rule 60. Without determining the correctness of Judge McManus' rationale, we hold that consideration of the motion only under rule 60 was proper because Ms. Cline's motions were not filed within 10 days as required by rules 52(b) and 59(b) and (e). Since the motion was under rule 60 and not 52 or 59, the 30 day period after entry of judgment during which notice of appeal must be filed was not tolled. Fed.R.App.P. 4(a); *Conerly v. Flower*, 410 F.2d 941, 943–944 (8th Cir. 1969); 9 J. Moore & B. Ward, Moore's Federal Practice 953–954 (2d ed. 1973). In this case the notice of appeal was not filed until October 21, more than 30 days after the September 13 judgment was entered. Therefore this Court does not have jurisdiction to review the correctness of the summary judgment. *United States v. 1,431.80 Acres of Land*, 466 F.2d 820, 822 (8th Cir. 1972); *Young v. Chicago, Milwaukee, St. Paul & Pacific R. R.*, 369 F.2d 502, 504 (8th Cir. 1966).[1]

■ In the notice of appeal filed on October 21, 1974, counsel did not specifically indicate that he appealed from the district court's denial of post decision relief under Fed.R.Civ.P. 60.[2] However, it is clear from the notice of appeal read in conjunction with appellant's brief that Ms. Cline intended to appeal the district court's denial of rule 60 relief on October

11, 1974, as well as the summary judgment itself. Appellees' brief convinces us that they were not misled by this defect in the notice of appeal. Under these circumstances we hold that the notice of appeal was sufficient to place the issue of the propriety of the October 11, 1974, order before this Court. *Gajewski v. Stevens*, 346 F.2d 1000, 1001–1002 (8th Cir. 1965). Since the notice of appeal was filed within 30 days of the denial of relief under rule 60, we have jurisdiction to review that denial even though we do not have jurisdiction to review the summary judgment. *Bruton v. Shank*, 349 F.2d 630, 631 (8th Cir. 1965).

■ We find that Judge McManus did not abuse his discretion in denying plaintiff relief under Fed.R.Civ.P. 60(b). We first note that this is not a case where plaintiff has been denied a decision on the merits. Furthermore, appellant's counsel admits that he was aware of the motion for summary judgment, but neglected to file a resistance because he was busy with other matters. Ignorance or carelessness of an attorney is generally not cognizable under Fed.R. Civ.P. 60(b). *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969); *United States v. Thompson*, 438 F.2d 254, 256 (8th Cir. 1971). Finally, we agree with the trial judge's conclusion that appellant's proposed resistance filed with the 60(b) motion fails to raise any new issue of material fact not previously con-

---

1. Our conclusion in *Peterman v. Chicago, Rock Island & Pacific R. R.*, 516 F.2d 328 (8th Cir., 1975), is not to the contrary. In that case the trial court *sua sponte* and erroneously granted a new trial to the railroad; therefore the railroad did not appeal denial of its motion for judgment n. o. v. This Court determined that the trial court was without jurisdiction to enter the order and vacated the new trial order. *Peterman v. Chicago, Rock Island & Pacific R. R.*, 493 F.2d 88, 93 (8th Cir.), *cert. denied*, 417 U.S. 947, 94 S.Ct. 3072, 41 L.Ed.2d 667 (1974). Judgment was thereupon entered in district court and the railroad appealed within 30 days of entry of judgment. Therefore we held that we had jurisdiction to hear the appeal. The unusual situation in *Peterman* has no analogy here.

2. The Notice of Appeal reads in part:

   Notice is hereby given that Joan Cline, plaintiff, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the judgment rendered in this action dated September 16, 1974, wherein plaintiff's action was dismissed. See attached copy of the judgment entered by the Court and the Order of the Court filed October 11, 1974 denying all motions.

   The judgment was actually entered on the civil docket on September 13, 1974, which was the date the court's order was filed. The clerk of the court filed a summary judgment pursuant to the order on September 16; however, the date of the entry into the civil docket is determinative of when the time for motions and appeal begins to run. 6A J. Moore, Moore's Federal Practice 58–56—58–57 (2d ed. 1974).

sidered in disposing of the motion for summary judgment. Under these circumstances we can find no abuse of discretion in the October 11, 1974, order of Judge McManus.

The appeal from the summary judgment entered September 13, 1974, is dismissed for want of jurisdiction. The order of October 11, 1974, is affirmed.