**Robert H. FOX and Kathlene Fox, Appellants,**

v.

**Bill BREWER, Ranger Insurance Co., (Garnishee), Appellee.**

No. 79–1674.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1980.

Decided April 11, 1980.

Russell A. Willis, III, Bartley, Goffstein, Bollato & Lange, Clayton, Mo., for appellants; Gary H. Lange, Clayton, Mo., on brief.

Fritz G. Faerber, Lucas & Murphy, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Circuit Judge, and HANSON,* Senior District Judge.

LAY, Chief Judge.

On April 20, 1979, Ranger Insurance Company, defendant in a garnishment action brought by Robert H. Fox, moved under Fed.R.Civ.P. 41(b) for dismissal for failure to prosecute. The motion alleged the case had been transferred to the United States District Court for the Eastern District of Missouri on January 5, 1978, and no action had been taken since that time. Fox answered, stating the case had been delayed in prosecution because of his attorney's physical and emotional difficulties following his wife's death. Fox urged that this constituted good cause to prevent dismissal under local court rules.[1]

---

* William C. Hanson, Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation.

1. Rule 15 of the Rules of the United States District Court for the Eastern District of Missouri provides:

   All civil cases which have been pending for fifteen months shall be examined by the Court to determine if the circumstances with respect to each case are appropriate for dismissal for failure to prosecute, and if the circumstances merit such action, the attorneys in the case shall be advised that unless good cause be shown against said dismissal the Court shall dismiss such case for failure to prosecute and in the order of dismissal note whether the same be with or without prejudice.

The district court dismissed the garnishment proceeding with prejudice on May 21, 1979.[2] On June 22, 1979, Fox filed a "motion to reconsider." This was denied on July 11, 1979. On August 7, 1979, he filed a notice of appeal in which he noted appeals from both the dismissal and denial of the motion to reconsider.

On appeal, Fox asserts that the motion to reconsider, although not designated or urged as such in the district court, was a motion for relief from judgment under Fed. R.Civ.P. 60(b). He equates good cause, grounds to prevent dismissal, with excusable neglect, grounds for relief from an order under the terms of Fed.R.Civ.P. 60(b)(1).

*Appeal from Dismissal Order.*

Initially, we raise sua sponte lack of jurisdiction due to untimely filing of the notice of appeal. *See Browder v. Director, Department of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (Fed.R.App.P. 4(a) time limit is mandatory and jurisdictional).

■ Fox's appeal from the dismissal order is untimely. Under Fed.R.App.P. 4(a), he had 30 days from its entry on May 21, 1979, to file a notice of appeal. The period expired on June 20, 1979, see Fed.R.App.P.

26(a), and the notice of appeal was not filed until August 7, 1979.

Fox's motion for reconsideration was not made under any Rule of Civil Procedure that tolls running of the appeal time period. *See* Fed.R.App.P. 4(a). Even if we construe it as such, it was not timely filed. All the motions under the rules specified in Fed.R. App.P. 4(a) must be made within 10 days from entry of judgment. *See* Fed.R.Civ.P. 50(b), 52(b), 59(b) & (e). Fox's motion was filed on June 22, 1979, 32 days after entry of judgment. The district court may not enlarge the time for making one of these motions, Fed.R.Civ.P. 6(b), and we may not enlarge the time for filing a notice of appeal. Fed.R.App.P. 26(b).[3]

*Appeal from Refusal to Reconsider.*

Even if we treat Fox's motion to reconsider as a motion for postjudgment relief under Fed.R.Civ.P. 60(b), under controlling case law he cannot succeed.[4]

■ Rule 60 states a motion under subdivision (b) "does not affect the finality of a judgment or suspend its operation." The motion does not toll the time for filing a notice of appeal. *Cline v. Hoogland,* 518 F.2d 776, 778 (8th Cir.1975); *Conerly v. Flower,* 410 F.2d 941, 943–44 (8th Cir.1969). An appeal from a Rule 60(b) decision does

---

2. As the Supreme Court stated in *Link v. Wabash Railroad,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962):

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of *nonsuit* and *non prosequitur* entered at common law, *e. g.,* 3 Blackstone, Commentaries (1768), 295–296, and dismissals for want of prosecution of bills in equity, *e. g., id.,* at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b), which provides, in pertinent part:
> "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this

subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." *Id.* at 629–30, 82 S.Ct. at 1388 (footnote omitted).

3. Fox has not claimed or shown excusable neglect for an extension of time under Fed.R. App.P. 4(a). The district court could extend the time for filing a notice of appeal for a maximum of 30 days from expiration of the first 30 day filing period. In that case, the final filing date would have been July 23, 1979. *See* Fed.R.App.P. 26(a). Fox did not file his notice of appeal until August 7th.

4. The motion was timely, if considered as a motion under Rule 60(b)(1), (one year), or under subsection (6), (reasonable time). Its denial is a final appealable order, and the notice of appeal was filed within the 30 day period of Fed.R.App.P. 4(a). *See Cline v. Hoogland,* 518 F.2d 776, 778 (8th Cir.1975).

not bring the original judgment up for review, but only the decision on the request for relief from the judgment under Rule 60(b). *Cline v. Hoogland,* 518 F.2d at 778. Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances. While it may operate indirectly to allow appellate review of a decision not timely appealed, it is not a substitute for appeal. *Horace v. St. Louis Southwestern Railroad,* 489 F.2d 632, 633 (8th Cir.1974); *Hoffman v. Celebrezze,* 405 F.2d 833, 836 (8th Cir. 1969).

■ Fox's appeal from denial of the Rule 60(b) motion raises virtually the same issue that would have been posed if he had timely appealed the dismissal for want of prosecution: Whether the showing of excusable neglect was such that refusal to grant relief from the dismissal constituted an abuse of discretion. Fox thus raises judicial error in the original judgment, contending the court erred in dismissing his case because he showed good cause for delay. The Rule 60(b) motion failed to present reasons not previously presented and considered by the court in its decision to dismiss.[5] This alone is a controlling factor against granting relief. *See Cline v. Hoogland,* 518 F.2d at 778–79.

■ This circuit has not allowed relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence. *See CRI, Inc. v. Watson,* 608 F.2d 1137, 1143 (8th Cir.1979); *Hoffman v. Celebrezze,* 405 F.2d 833 (8th Cir.1969). This is not the case here. To prevent its use as a substitute for appeal, we have required a Rule 60(b) motion alleging judicial inadvertence to be made within the time period allowed for appeal. *CRI, Inc. v. Watson,* 608 F.2d at 1143; *Hoffman v. Celebrezze,* 405 F.2d at 836–37; see 7 Moore's ¶ 60.22[3] at 260–61 (2d ed. 1979). This was not done here.

■ Fox filed his motion for reconsideration on June 22, 1979; the time period for filing a notice of appeal had expired on June 20, 1979. Belated filing of a Rule 60(b) motion cannot be used to circumvent jurisdictional time limits on appellate review. *See Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 386 (5th Cir.1978); *Demers v. Brown,* 343 F.2d 427 (1st Cir.), *cert. denied,* 382 U.S. 818, 86 S.Ct. 40, 15 L.Ed.2d 64 (1965).

We need not rest our affirmance on this ground alone. Challenging the merits of denial of relief under Rule 60(b) Fox suggests that a party should not be prejudiced by his lawyer's inadvertence. We disagree. As the Supreme Court stated in *Link v. Wabash Railroad,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962):

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

*Id.* at 633–34, 82 S.Ct. at 1390 (citation and footnote omitted).

■ Moreover, cases in which failure to timely appeal was *not* an issue and relief was granted under Rule 60(b)(1) from dismissal for want of prosecution, generally have had compelling factual reasons or excuses for delay.[6] Such exceptional circum-

---

5. Fox did point out in his motion that the district court memorandum opinion appeared to give August 1977 as the date the action was transferred to Missouri rather than January 1978. However, he did not present grounds for a finding of good cause different than those presented in his response to Ranger's motion to dismiss, or those considered by the court in its memorandum opinion.

6. *See e. g., Ten v. Svenska Orient Linen,* 573 F.2d 722 (2d Cir. 1978) (plaintiff unexpectedly hospitalized in Puerto Rico); *Peterson v. Term. Taxi, Inc.,* 429 F.2d 888 (2d Cir.1970) (plaintiff left town prior to receiving notice of trial time and could not be reached); *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382 (5th Cir.1978) (dismissal just 4 months after filing due to failure to appear at pretrial conference).

stances were not shown here. The excuse for delay here was the death of Fox's attorney's wife on April 26, 1978. This occurred almost four months after the case was transferred to the Eastern District of Missouri on January 5, 1978, and as the district court noted, nearly a year before the motion to dismiss was filed. We are unable to say that denial of the motion for reconsideration was an abuse of discretion. *Cf. Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (affirmance of dismissal for failure to prosecute); *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191 (8th Cir.1976) (reversal of dismissal for failure to prosecute).

Accordingly, the judgment is affirmed.