**Earl SOWERS, SS# 293–22–7985,**
**Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. C–3–82–783.**

United States District Court,
S.D. Ohio, W.D.

Sept. 18, 1985.

---

⊂⇒5

John A. Cervay, Dayton, Ohio, for plaintiff.

James E. Rattan, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO ALTER OR AMEND

RICE, District Judge.

This case is before the Court on Defendant's Motion to Alter or Amend. Doc. # 23. In this motion, Defendant moves under Rule 59(e), Fed.R.Civ.P., for an order from the Court altering or amending this Court's Decision and Entry of April 17, 1985 (Doc. # 22) in which the Court overruled the Defendant's motion for relief from judgment. With the present motion to alter or amend, the Secretary argues that this Court erred in not remanding this case to her pursuant to § 2(d)(2) of the Social Security Disability Benefits Reform Act of 1984 ("Reform Act"), P.L. 98–460, 98 Stat. 1794. In her motion for relief from judgment, the Secretary raised a similar argument which this Court rejected for alternative, independent reasons. First, the Court construed § 2(d)(2) of the Reform Act as not requiring a remand under the facts of this case. Second, the Court concluded that a motion for relief from judgment under Rule 60(b) was not available to challenge this Court's judgment which adopted the Report and Recommendation of the United States Magistrate and ordered judgment be entered for the Plaintiff herein. For reasons that follow, this Court agrees with the Secretary that it erred in not applying the plain meaning of § 2(d)(2). However, the Court reaffirms its conclusion that Rule 60(b) could not be used under the circumstances presented herein to challenge the Court's judgment. Accordingly, the Court overrules Defendant's motion to alter or amend (Doc. # 23).

Recently in *Henry T. Patterson Trust v. United States*, 729 F.2d 1089, 1094 (6th Cir.1984), the Sixth Circuit succinctly summarized the rules of statutory construction which are applicable herein:

"[I]n determining the scope of a statute, one is to look first at its language." *Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 103 S.Ct. 986, 990, 74 L.Ed.2d 845 (1983). *See North Dakota v. United States*, 460 U.S. 300, 103 S.Ct. 1095, 1103, 75 L.Ed.2d 77 (1983); *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 246, 62 L.Ed.2d 146 (1979). "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Further, "[i]t is axiomatic that where a statute is clear and unambiguous on its face, a court will not look to legislative history to alter the application of the statute except in rare and exception circumstances." *Pope v. Rollins Protective Services Co.*, 703 F.2d 197, 206 (5th Cir.1983). *See Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981); *TVA v. Hill*, 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298 n. 33, 57 L.Ed.2d 117 (1978); *Crooks v. Harrel-*

son, 282 U.S. 55, 60, 51 S.Ct. 49, 50, 75 L.Ed. 156 (1930). Finally, "Congress is presumed to use words in their ordinary sense unless it expressly indicates the contrary." *Davis Bros., Inc. v. Donovan,* 700 F.2d 1368, 1370 (11th Cir.1983), *reh. and reh. en banc denied* (Eleventh Circuit refused to allow the Secretary of Labor to interpret "customarily furnished" meals as meaning "voluntarily accepted" meals for purposes of wage provisions in Fair Labor Standards Act). *See Addison v. Holly Hill Fruit Products,* 322 U.S. 607, 617–18, 64 S.Ct. 1215, 1221–22, 88 L.Ed. 1488 (1944).

■ Section 2(d)(2) of the Reform Act requires courts to remand to the Secretary those cases, which were pending on September 19, 1984, in which a person was seeking judicial review of a decision by the Secretary to terminate disability benefits so that the Secretary could apply the medical improvements standard. The clear and unambiguous language of § 2(d)(2) of the Reform Act prevents this Court from construing § 2(d)(2) of the Reform Act by reference to the legislative history to reach a conclusion that is contrary to the clear and unambiguous language. Therefore, the Court hereby amends its Decision and Entry of April 17, 1985 (Doc. # 22) so that the Court now will apply the plain meaning of § 2(d)(2) of the Reform Act and decline to interpret it in the manner interpreted therein.

As stated above, the Court based its decision to overrule Defendant's Rule 60(b) motion on the alternative, independent ground that Rule 60(b) was not available to challenge the Court's Decision and Entry of October 17, 1984 (Doc. # 18), adopting the Report and Recommendation of the United States Magistrate (Doc. # 16) and directing that judgment be entered for the Plaintiff. In the present motion, the Defendant has not convinced the Court that its conclusion on this issue was wrong.

In her motion for relief from judgment (Doc. # 20) under Rule 60(b), the Defendant did nothing more than argue that this Court committed error by adopting the Report and Recommendation of the United States Magistrate and directing that judgment be entered for the Plaintiff rather than remanding to the Secretary, as required by § 2(d)(2) of the Reform Act so that she might apply the medical improvements test. However, this Court remains convinced that Rule 60(b) could not be used herein to correct its error.

■ The majority of circuits which have considered the question have concluded that Rule 60(b) may be used to correct a judicial error, even though the period for filing a motion to alter or amend the judgment under Rule 59(e) has passed, *if* the motion is filed within the period of time allowed for an appeal.[1] *See, e.g., Tarkington v. United States Lines Co.,* 222 F.2d 358 (2d Cir.1955); *Sleek v. J.C. Penney Co.,* 292 F.2d 256 (3d Cir.1961); *Oliver v. Home Indemnity Co.,* 470 F.2d 329 (5th Cir.1972); *Fox v. Brewer,* 620 F.2d 177 (8th Cir.1980); *Gila River Ranch v. United States,* 368 F.2d 354 (9th Cir.1966); *Security Mutual Casualty Co. v. Century Casualty Co.,* 621 F.2d 1062 (10th Cir.1980); *D.C. Federation of Civil Associations v. Volpe,* 520 F.2d 451 (D.C.Cir.1975). *Contra, Silk v. Sandoval,* 435 F.2d 1266 (1st Cir.), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971); *Swam v. United States,* 327 F.2d 431 (7th Cir.), *cert. denied,* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964). Courts have allowed Rule 60(b) to be used to correct judicial errors because its timely use in this manner can avoid unnecessary appeals and thus conserve judicial resources. *See, e.g., Oliver,* 420 F.2d at 330–31. However, in the present case, no judicial resources would be conserved by using Rule 60(b) to correct an asserted mistake by the Court because Defendant has forfeited her right to appeal by not objecting to the Magistrate's Report and

---

**1.** The time limitation on the use of Rule 60(b) in this manner is to prevent it from becoming a substitute for an appeal. *See, e.g., Fox v. Brewer,* 620 F.2d 177, 180 (8th Cir.1980).

Recommendation.[2] *See, e.g., United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Therefore, this Court concludes that, in the absence of objections to a Report and Recommendation of the Magistrate, its judgment adopting same may be challenged only through a timely motion under Rule 59(e). Since such a timely motion was not filed, the Court is powerless to grant the Defendant the relief requested.

Based on the foregoing, the Court overrules Defendant's Motion to Alter or Amend. (Doc. # 23).

---

**2.** Thus, the Defendant's argument that Rule 4(a)(1), Fed.R.App.P., provides her 60 days in which to perfect an appeal is relevant.