**Johnnie Miles CHESTER, Appellant,**

v.

**ST. LOUIS HOUSING AUTHORITY, Appellee.**

**No. 87–1352.**

United States Court of Appeals, Eighth Circuit.

Submitted May 4, 1987.

Decided May 28, 1987.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Johnnie Miles Chester appeals, pro se, from the district court's [1] order denying his motion for reconsideration. We affirm.

This case arises out of Chester's attempts to regain his position as a Sergeant of Security Operations with defendant St. Louis Housing Authority. In July 1985, following his voluntary resignation, Chester filed a 42 U.S.C. § 1983 action against the Housing Authority charging it with violating his due process right to a timely pretermination hearing. In his complaint, Chester sought reinstatement and backpay damages.

A jury returned a verdict in favor of Chester and awarded him $10,000 in damages on April 8, 1986. The jury did not, however, award Chester reinstatement as he had requested. On May 13, 1986, the Housing Authority paid Chester $10,000 in full satisfaction of the judgment and Chester signed a statement to that effect.

Chester never appealed the jury's verdict. Instead, on October 21, 1986, more than six months after the entry of judgment, Chester filed a "Motion for Reinstatement and Backpay" with the district court. The district court construed Chester's motion as one for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Judge Hungate then denied the motion holding that no relief was available because 1) the April 8th judgment was fully satisfied; 2) the relief sought in the motion—reinstatement and backpay—was beyond that awarded in the judgment; and, 3) no power existed otherwise to reinstate Chester after he voluntarily resigned from his position.

On appeal, Chester apparently argues that the court failed to properly instruct the jury on the issues of reinstatement and backpay and should have, therefore, granted his motion for reconsideration. This

---

**1.** The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

court's decision in *Fox v. Brewer*, 620 F.2d 177 (8th Cir.1980), controls and requires affirmance of the district court's order.

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir.1969). "An appeal from a Rule 60(b) decision does not bring the original judgment up for review, but only the decision on the request for relief from the judgment under Rule 60(b)." *Fox v. Brewer*, 620 F.2d at 179–80. The rule, then, "is not intended as a substitute for a timely appeal." *Hoffman*, 405 F.2d at 836. Thus, where the "alleged error could have been corrected by appeal, the motion must be within the time period allowed for appeal, so as to prevent its use as a substitute for timely appeal." *C.R.I., Inc. v. Watson*, 608 F.2d 1137, 1143 (8th Cir.1979).

Chester filed his motion on October 21, 1986, well beyond the time period for filing a notice of appeal from the April 8, 1986 verdict. Although the court construed the motion as one for Rule 60(b) relief, it is clear that, like the situation in *Fox*, Chester attempted here to challenge the very issues litigated at his trial, i.e. whether he was entitled to backpay and reinstatement. Moreover, Chester did not present any considerations, either in his motion or on appeal, not already addressed by the district court. Under those circumstances, the district court did not abuse its discretion in denying Chester's motion for relief. *See Fox*, 620 F.2d at 180.

Accordingly, we affirm the district court's order denying Chester's motion for reinstatement and backpay. *See* 8th Cir.R. 12(a).