Richard C. LARSON, Appellant,

v.

HERITAGE SQUARE ASSOCIATES, a North Carolina limited partnership; Hayti Support Corporation, a North Carolina corporation; Holmes Enterprises, Inc., a North Carolina corporation; Venture Assistance Corporation of Durham, a North Carolina corporation, Appellees.

No. 91–1678.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1991.

Decided Jan. 6, 1992.

Scott Carlson, Minneapolis, Minn., argued (Bruce Rasmussen, on the brief), for appellant.

Galen Watje, Bloomington, Minn., argued, for appellees.

Before FAGG, MAGILL and TIMBERS *, Circuit Judges.

* Of the Second Circuit, sitting by designation.

TIMBERS, Circuit Judge:

Appellant Richard C. Larson appeals from an order and final judgment denying his motion, pursuant to Fed.R.Civ.P. 60(b), for relief from a judgment entered October 19, 1990 in the District of Minnesota, James M. Rosenbaum, *District Judge*, dismissing his claim against appellees Heritage Square Associates, et al. (Heritage) which the court held had been settled.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issue raised on appeal.

In the underlying action, Larson sought the appointment of a receiver, an accounting, and dissolution of Heritage, a limited partnership which owns a shopping mall in North Carolina. Larson is an investor in Heritage. James Funk (not a party to this action) is its managing general partner. Larson previously had settled his claim against Heritage as part of a global settlement. The settlement was reached during bankruptcy proceedings of Funk involving the mutual release and settlement of claims between the parties and other non-parties to this action. The global settlement agreement, however, was subject to several contingencies, including obtaining the consent of all parties affected by the agreement. Although the proposed settlement was executed by Larson, it never was executed by all parties to the settlement. On September 20, 1990, when Funk's Chapter 11 bankruptcy case was converted to a Chapter 7 case, Larson withdrew from the proposed settlement agreement.

On October 19, 1990, the final pre-trial conference in the action underlying this appeal was held before the district court. At that conference, the court raised the matter of the prior settlement agreement. Counsel for both parties agreed that, under the agreement, Larson would have conveyed all of his interest in the partnership in exchange for Heritage's foregoing its claim to attorney's fees. The district court

asked whether the parties themselves were aware of that agreement. Counsel for Larson responded in the affirmative.

The court then inquired whether the agreement that would have resolved this case was dependent on the resolution of other matters. Counsel for Larson informed the court that it was a global agreement and that the settlement itself was dependent on resolution of all the various matters concerned. When the court asked whether Larson had been unable to reach agreement with Funk, who is the managing general partner of Heritage, counsel for Larson stated, "Our position is ... we'd be more than happy to settle this case, but we would like to see the documents to be rest (sic) assured that the partnership is operating."

The pre-trial conference concluded with the following exchange:

> "The Court: The parties have reached an agreement resolving this matter. The agreement was that your client, Mr. Carlson [counsel for Larson], would convey his interest to the partnership, and each party would pay and bear their own attorneys' fees in this case. Are you nodding your head in the affirmative?
>
> Counsel for Larson: Yes, Your Honor.
>
> The Court: The parties, represented by counsel, having reached and resolved an accord with respect to this cause, that agreement is ordered. The cause is dismissed as having been settled by the parties. That's the order of the Court.
>
> Counsel for Heritage: Thank you, Your Honor.
>
> The Court: Thank you, gentlemen. You will have ten days to transfer the appropriate documents.
>
> Counsel for Heritage: All right. Thank you, Your Honor.
>
> Counsel for Larson: Thank you, Your Honor."

On November 19, 1990, Larson filed a Rule 60(b) motion for relief from the district court's judgment. On January 30, 1991, the district court entered a final judgment denying Larson's motion for relief.

It is from that judgment that Larson now appeals.

## II.

Our review is limited to a determination of whether the district court abused its discretion in denying the Rule 60(b) motion to set aside the previous judgment which dismissed Larson's claim since it was settled by the parties. *Sanders v. Clemco Industries*, 862 F.2d 161, 169 (8th Cir.1988) (citing *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 263 n. 7 (1978)); *In re Design Classics*, 788 F.2d 1384 (8th Cir. 1986). Although the precise nomenclature of Rule 60(b) is to be liberally construed, 7 Moore's Federal Practice, ¶ 60.18[8] (2nd ed.1991), Rule 60(b) provides an extraordinary remedy which should be granted only upon a showing of exceptional circumstances. *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir.1980); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir.1969).

Although Larson moved for relief under Rule 60(b)(1), which provides for relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," he did not clearly specify the basis for the requested relief. He did allude, however, to the following grounds for relief: (1) the court mistakenly believed that his claim already had been settled as part of the global settlement referred to above; (2) the court mistakenly believed that his counsel assented to a settlement during the pre-trial conference; and (3) his counsel was not familiar with the terms of the previously proposed settlement because it was not a subject he reasonably could have anticipated would be raised at the pre-trial conference.

In determining whether the district court abused its discretion in denying the Rule 60(b) motion for relief, we address each of these possible grounds for relief. Since we find that Larson and Heritage, acting through their attorneys, reached a valid and binding settlement agreement at the pre-trial conference, we hold that the district court did not abuse its discretion in denying the Rule 60(b) motion for relief

from the judgment enforcing that settlement.

## III.

### (A)

 Larson contends that the district court mistakenly believed that his claim against Heritage already had been settled as part of the global settlement of claims arising out of the Funk bankruptcy and that the court merely was ordering the parties to adhere to the terms of that settlement. Larson's contention is predicated upon the language used by the court in dismissing Larson's action as "having been settled by the parties". Since we have recognized judicial inadvertence as a ground for Rule 60(b) relief, *Fox, supra,* 620 F.2d at 180; *CRI Inc. v. Watson,* 608 F.2d 1137, 1143 (8th Cir.1979), we turn to the merits of Larson's claim.

Examination of the minutes of the pre-trial conference shows that the court was aware that the previously proposed settlement agreement never had been fully executed and therefore was not dispositive of Larson's claim. When the issue of the previous settlement agreement first arose, the court asked whether that agreement had resolved Larson's claim against Heritage. Larson's counsel informed the court that it had not. Later, the court asked whether that agreement was dependent on the resolution of other matters. Larson's counsel again responded by informing the court that the settlement had been a global settlement "dependent upon resolution of all the various matters and transfer of all the various interests would be made [sic] and dismissal of all the actions." The court then asked Larson's counsel whether Larson had been unable to make resolution with Funk. That is when Larson's counsel informed the court that Larson *would be* "more than happy to settle this case...." The district court therefore was aware that the parties were not bound *already* by a previous settlement agreement.

Our conclusion that the court did not act under the mistaken assumption that the parties already were bound by a previous settlement agreement is bolstered further by the fact that the trial judge who conducted the pre-trial conference also decided the Rule 60(b) motion which is the subject of this appeal. If the court had been operating under such a mistaken assumption, it presumably would have corrected its error by granting Larson's motion.

### (B)

 Larson also contends that his counsel did not assent to a settlement agreement at the pre-trial conference. The record of that conference indicates, however, that Larson's counsel, who was at the pre-trial conference, in fact did assent to a settlement agreement whereby Larson would convey his interest in the partnership in exchange for Heritage's foregoing its claims to attorney's fees.

As stated above, at the pre-trial conference Larson's counsel demonstrated that he was familiar with the prior negotiations that had taken place between the parties. He stated that his client would be more than happy to settle the case. Later, when the court asked whether the parties agreed that Larson would convey his interest in the partnership if each party would bear their own attorney's fees, Larson's counsel responded in the affirmative. When the court then ordered that the agreement be executed and Larson's action be dismissed "as having been settled by the parties", Larson's counsel stated, "Thank you, your honor."

We hold that Larson's counsel assented to the terms of settlement, thereby creating an enforceable agreement.

### (C)

 Larson further contends that his counsel was not familiar with the terms of the previously proposed settlement since that was not a matter he reasonably could have anticipated would be discussed. His contention is based on that provision of Fed.R.Civ.P. 16(c) which requires "[a]t least one of the attorneys for each party participating in any conference before trial [to] have authority to enter into stipulations and to make admissions regarding all matters that the parties may reasonably anticipate may be discussed." Although

---

Larson did not phrase it that way, we address this contention for relief under Rule 60(b) as essentially a claim that his counsel lacked authority to enter into a settlement at the pre-trial conference.

A party's claim that his counsel lacked authority to agree to a settlement agreement can be a ground for relief under Rule 60(b). *Kansas City Laborers Pension Fund v. Paramount Indus.*, 829 F.2d 644, 645 (8th Cir.1987) (citing *Surety Ins. Co. v. Williams*, 729 F.2d 581, 582 (8th Cir.1984)). "Although an attorney is presumed to possess authority to act on behalf of the client, 'a judgment entered upon an agreement of the attorney may be set aside upon affirmative proof that the attorney had no right to consent to its entry.'" *Surety Ins. Co., supra,* 729 F.2d at 582–83 (quoting *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir.1979) (per curiam)). To prevail on his motion to vacate the judgment, Larson must sustain "a heavy burden to establish that [his] attorney acted without any kind of authority in agreeing to the entry of judgment in the trial court." *Id.* at 583.

Larson's only claim that his counsel lacked authority to enter into a settlement agreement at the pre-trial conference is that his counsel "was not knowledgeable about the settlement negotiations because the proposed settlement had become moot after September 21, 1990," when Larson withdrew his settlement offer. The record, however, belies this claim. Larson's counsel was present when the previously proposed settlement was read into the record in Funk's bankruptcy proceeding. At the pre-trial conference, Larson's counsel demonstrated his familiarity with that proposed settlement. For example, he informed the court that that proposed settlement "was a global settlement", and "[t]he settlement itself was dependent upon all the various matters and a transfer of all the various interests ... and dismissal of all the actions."

Moreover, Larson's claim against Heritage which underlies the present appeal is the same claim that was the subject of the previous negotiations. Even if Larson's counsel at the pre-trial conference was not familiar with the earlier negotiations, the fact that Larson earlier had agreed to settle his claim upon terms similar to those agreed to at the pre-trial conference indicates that his counsel had authority to reach such a settlement at the pre-trial conference. Larson failed to overcome the presumption that his counsel had authority to agree to a settlement of his claim at the pre-trial conference.

Since Larson has failed to demonstrate exceptional circumstances in support of his Rule 60(b) motion for relief from the judgment, we hold that the district court did not abuse its discretion in denying Larson's motion.

IV.

To summarize:

Larson's contention that the judgment entered by the district court dismissing his claim against Heritage as settled by the parties was the result of "mistake, inadvertence, surprise, or excusable neglect" is not supported by the record. We therefore affirm the court's denial of the Rule 60(b) motion for relief from that judgment.

Affirmed.