# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1750
No. 99-1805

———————

Margaret Lowry,

    Appellant/Cross-Appellee,

v.

McDonnell Douglas Corporation,

    Appellee/Cross-Appellant.

\* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the
Eastern District of Missouri.

———————

Submitted: January 12, 2000
Filed: April 27, 2000

———————

Before BOWMAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

———————

BOWMAN, Circuit Judge.

This case is before us for the second time, on appeal from the order of the District Court granting summary judgment to McDonnell Douglas Corporation (MDC) on the wrongful death claim of plaintiff Margret Lowry.[1]  Lowry alleges that MDC

———————

[1]The original complaint and, as far as we have seen, all documents filed by the parties in this case, including the briefs, spell the plaintiff's first name "Margret."  The District Court docketed the case spelling the plaintiff's name "Margaret," and it is the practice of this Court's clerk to use the same caption as the District Court when docketing an appeal, unless advised otherwise.  We are not inclined to meddle with the

defectively designed and failed to warn of defects in a United States Air Force F-15 aircraft that crashed at Spangdahlem Air Base in Germany on May 30, 1995, killing Major Donald Lowry, plaintiff's decedent. The District Court concluded that MDC was shielded from liability by the federal military contractor defense set forth in Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Lowry filed her first notice of appeal out of time, and the District Court allowed the defective filing, notwithstanding Lowry's failure to file a motion and make a showing that would justify extending the filing deadline under Federal Rule of Appellate Procedure 4(a). Two days after the notice of appeal was docketed, Lowry did file a motion for an extension under Rule 4(a)(5), but the District Court denied that motion as moot. On MDC's motion, we dismissed the first appeal for lack of jurisdiction. As we will explain in more detail, Lowry then filed a motion with the District Court invoking Federal Rule of Civil Procedure 60(b) and seeking relief from the District Court's earlier orders relating to the untimely notice of appeal. The court granted the motion, which ultimately allowed Lowry to timely file another notice of appeal. We have taken with the case MDC's motion to once again dismiss the appeal for lack of jurisdiction, an issue MDC also raises in a cross appeal from the District Court's decision to grant relief from judgment under Rule 60(b). Cf. Karras v. Karras, 16 F.3d 245, 247 (8th Cir. 1994) (per curiam) (noting that party seeking reversal of district court's failure to grant Rule 60(b) relief should file a notice of appeal from that order). It is to the question of our jurisdiction that we turn first.

## I.

In order for us to make our discussion as easy to follow as possible, and to assist the reader in referring back to the pertinent facts and the timing of events, we will forgo further narrative description of the procedural history of the case in favor of a

---

caption sua sponte, absent an indication from Lowry that the spelling of her first name has been wrong from the inception of the case.

chronological listing, beginning with the District Court's decision to grant summary judgment on the merits.

**June 19, 1998** The District Court granted MDC's motion for summary judgment on the merits. Counsel for MDC has represented to this Court that he faxed the District Court's order to counsel for Lowry on this date; in fact, the copy of the order in the addendum to Lowry's brief (which she has called "Appendix I") bears a typewritten notation at the top "cc: Lou Franecke [Lowry's counsel] (by fax) 6/19/98" and fax legends showing the document was faxed twice on June 19, once from the District Court and again from the offices of MDC's counsel.

**June 24, 1998** Judgment was entered on the District Court docket.

**July 24, 1998** The thirty days allowed for filing a timely notice of appeal from the summary judgment, as provided in Federal Rule of Appellate Procedure 4(a), expired.

**July 27, 1998** Lowry tendered her notice of appeal to the District Court.

**July 29, 1998** Lowry's notice of appeal was filed. On it was handwritten: "Leave to file granted 7/29/98 /s/ E. Richard Webber."

**July 31, 1998** Lowry filed a motion styled "Ex Parte Motion by Plaintiff to File Notice of Appeal per Federal Rule of Appellant [sic] Procedure 4(a)(5)." The motion sought an extension of time to file a notice of appeal from the summary judgment, alleging "excusible [sic] neglect and good cause" for the delay.

**August 6, 1998** The District Court denied the "Ex Parte Motion" as moot.

**October 13, 1998** MDC filed with the Court of Appeals a motion to dismiss the appeal for lack of jurisdiction. In the motion, MDC argued that Lowry's notice of

appeal was untimely, and that the court's notation purporting to grant "leave to file" was not effective to extend the time for filing the notice of appeal, unaccompanied as it was by a Rule 4(a) motion from Lowry and findings by the District Court.

**November 10, 1998**    This Court granted MDC's motion to dismiss the appeal.  That judgment, in its entirety, reads as follows:  "The motion of appellee for dismissal of this appeal is granted.  The appeal is hereby dismissed.  See Eighth Circuit Rule 47A(b)."  This Court's Rule 47A(b) sets out the procedure for filing "a motion to dismiss a docketed appeal on the ground the appeal is not within the court's jurisdiction."[2]

**January 6, 1999**    The mandate issued on our judgment dismissing the appeal.

---

[2]Lowry makes much of the fact that MDC did not file this initial motion to dismiss within fifteen days after the first appeal was docketed, as provided in Eighth Circuit Rule 47A(b).  She did not mention this in her response in opposition to the motion to dismiss, but only in her "motion for reconsideration" filed with this Court.  In any event, it is not clear what she would have this panel do about that now.  That case is closed and the mandate has issued.  Moreover, if there is any question about this Court's jurisdiction, the Court may (and, indeed, it must) sua sponte examine the issue.  See Faysound Ltd. v. Falcon Jet Corp., 940 F.2d 339, 341 n.2 (8th Cir. 1991), cert. denied, 502 U.S. 1096 (1992).

Also, and again for the reason that the first appeal is closed, we reject any contention, see Reply Brief of Lowry at 12, that the filing of the first notice of appeal presented "unique circumstances" justifying this Court's assertion of jurisdiction over an otherwise untimely appeal.  See Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989) (explaining that "unique circumstances" doctrine "applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done").   But see Schwartz v. Pridy, 94 F.3d 453, 456 n.3 (8th Cir. 1996) (noting that "the continued vitality of the doctrine has been questioned").  This is a defense that could have been successful, if at all, only in response to the motion to dismiss the first appeal.

**January 19, 1999**    Lowry filed in the District Court a document styled "Notice and Motion to Relieve Plaintiffs [sic] from Denial as Moot Motion to Grant Leave to Extend Time for Filing Notice of Appeal (FRCP 60, FRAP 4(a)(5) and 4(a)(6))."  In the motion Lowry acknowledged that "[t]he District Court cannot grant untimely Appeals to be filed unless findings that the conditions prescribed by the Rules (FRAP 4(a)(5) <u>or</u> 4(a)(6)) have been satisfied."  Notice and Motion at 2.  Lowry continued, "By the Judge not designating and finding good cause of [sic] excusable neglect pursuant to Motion, this does not confirm [sic] jurisdiction on the Court of Appeals."  <u>Id.</u> at 4.

**February 12, 1999**     The District Court vacated its order granting leave to file the untimely notice of appeal.  The court noted that it "incorrectly treated [Lowry's] notice of appeal as a motion for an extension of time "; this was error, the court said, because the notice of appeal was unaccompanied by a motion and a showing of excusable neglect.  Order at 3.  The court also vacated its order denying as moot Lowry's Rule 4(a)(5) motion.  The court gave MDC ten days to respond to the revived 4(a)(5) motion.

Lowry also had argued in her 60(b) motion that she was entitled to relief under Federal Rule of Appellate Procedure 4(a)(6) because she did not receive written notice of the entry of judgment.  The District Court declined to address that argument, noting that it was not raised in the original 4(a)(5) motion for an extension of time to file a notice of appeal.  (The court also denied Lowry's later motion to reconsider that ruling.)

**March 8, 1999**    The District Court granted Lowry's Rule 4(a)(5) motion, finding the requisite excusable neglect.  The court noted that the reasons for the delay were "within Lowry's counsel's control, [but] do not indicate bad faith so much as carelessness in keeping up with filing deadlines."  Order at 5.  The court put Lowry on notice that she had ten days to file a new notice of appeal.

**March 15, 1999**    Lowry timely filed her second notice of appeal from the original summary judgment granted to MDC.

**March 29, 1999**    MDC filed with this Court yet another motion to dismiss the appeal for lack of jurisdiction, which we ordered taken with the case. As we have said, MDC also raises the jurisdictional issue in a cross appeal from the District Court's decision to grant Lowry's motion for Rule 60(b) relief.

## II.

We begin with the question of whether the District Court properly granted Lowry's motion filed under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides, as relevant here, that a district "court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake." The motion must be filed, however, "within a reasonable time, and . . . not more than one year after the judgment, order, or proceeding was entered or taken." The District Court determined that it could properly consider Lowry's 60(b) motion filed nearly six months after the orders in question were entered, and then held that the court was mistaken in granting "leave to file" the untimely notice of appeal without a motion from Lowry. The court also held that it erred in denying Lowry's original 4(a)(5) motion as moot, a decision the court made because it had accepted for filing (albeit mistakenly) the defective notice of appeal two days before the 4(a)(5) motion was filed. A court's decision that a movant has shown grounds warranting 60(b) relief is reviewed for abuse of discretion, but "we review the district court's power to entertain [a motion for] relief" in the first instance de novo. Spinar v. South Dakota Bd. of Regents, 796 F.2d 1060, 1062 (8th Cir. 1986).

At issue here is not Rule 60(b)(1) mistake by a party, but mistake by the court.[3] It remains the law in this Circuit that "relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence" is not available. Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980). Assuming without deciding that the mistakes alleged were the result of "judicial inadvertence," the District Court nevertheless should not have considered Lowry's motion for Rule 60(b) relief because such relief was not timely sought, notwithstanding that the motion was made within the one year specified by the Rule. A 60(b) motion also must be brought within a "reasonable time" and, "[t]o prevent its use as a substitute for appeal, we have required a Rule 60(b) motion alleging judicial inadvertence to be made within the time period allowed for appeal," that is, thirty days from the entry of judgment. Id. This certainly makes sense in this case, as in other cases alleging mistake by the court, where all relevant facts evidencing the court's errors were known as soon as the orders were entered. The argument raised in Lowry's 60(b) motion presents a theory identical to the theory that, in substance, would have formed the basis of Lowry's appeal from the denial of the Rule 4(a)(5) motion.

Although the consequences of enforcing the rule in Fox might seem harsh in this situation, the result cannot be characterized as unfair. It is clear both from Lowry's 4(a)(5) motion and from her later 60(b) motion that she was fully aware that Rule 4(a)(5) requires a showing of excusable neglect before an extension for filing a notice

---

[3]MDC misapprehends the District Court's ruling that the court itself, and not Lowry or her counsel, made the Rule 60(b)(1) mistakes, a confusion that creates a blurring of arguments between the two rules at issue in this case. See Brief of McDonnell Douglas Corp. at 26 ("[M]iscounting cannot be considered the type of 'exceptional circumstances' which this Court has deemed necessary to revisit a final judgment."); id. at 27 ("[P]laintiff's untimely notice of appeal was attributable solely to her counsel's miscalculation, which does not constitute 'excusable neglect' under Rule 4(a)(5) or 'mistake' under Rule 60(b)."). Had the District Court in fact granted Lowry's 60(b) motion to vacate the judgment based on her counsel's mistake in calculating the time for filing her notice of appeal, we likely would agree with MDC that this is an improper use of Rule 60(b). But that is not what happened here.

of appeal can be granted. She even submitted with her 4(a)(5) motion a proposed order purporting to make such a finding. Lowry filed her motion two days **after** the court granted her the very relief that the motion now sought under Rule 4(a)(5)--an extension of time to file her notice of appeal. By filing that motion, Lowry conceded that the court's sua sponte granting of "leave to file" two days earlier was insufficient under the Federal Rules of Appellate Procedure to remedy the defective notice of appeal.[4] Lowry got her extension, but by a procedure that was in violation of the strictly enforced jurisdictional requirements of Rule 4. Months later, when she filed her 60(b) motion, it was not because she had suddenly learned of facts that were outside the record when the asserted mistakes were made; she was on notice as soon as her 4(a)(5) motion was denied that it was a mistake. Thus she was not relieved of her obligation to promptly challenge the court's failure to enunciate a finding of excusable neglect so as to satisfy this Court's jurisdictional requirements. It was Lowry's responsibility to act diligently in these circumstances, either by asking the District Court to reconsider its ruling or by appealing from that ruling, to see that a 4(a)(5) extension was properly granted and to protect her right to have this Court consider her appeal on the merits. No one prevented her, actually or effectively, from exercising her rights, nor did anyone or anything lull her into thinking the court's actions were beyond challenge.

Additionally, it should be remembered that Lowry sought to reopen a post-judgment procedural decision, **not** a decision that precluded adjudication on the merits of the case. That is, Lowry "received a ruling on the merits of [her] claim" from the District Court. MIF Realty L.P. v. Rochester Assocs., 92 F.3d 752, 756 (8th Cir. 1996) (noting that court should "balance the policy favoring finality in judgments

---

[4]The practice of accepting an untimely notice of appeal for filing without a motion and a showing of excusable neglect was rendered invalid in 1979 when Federal Rule of Appellate Procedure 4 was amended to require a motion. See Campbell v. White, 721 F.2d 644, 645-46 (8th Cir. 1983) ("We think it clear that the 1979 amendment requires the filing of a motion and that the notice of appeal received after the date for filing notices may not be considered a motion for extension.").

against the competing policy of granting parties a hearing on the merits of their claims" in case where Rule 60(b) was invoked to set aside dismissal that was entered in anticipation of settlement that was never finalized).  Our decision does not deprive Lowry of her day in court on the substance of her complaint.

The 60(b) motion was, in fact if not in form, Lowry's attempt to be relieved from our conclusion in the first appeal in this case that we had no jurisdiction to hear the appeal.  Lowry had no quarrel with the District Court's erroneous procedural rulings until this Court decided it was without jurisdiction; now it is too late.  Because Lowry's 60(b) motion was not filed within the thirty days permitted for filing a notice of appeal from the denial of the 4(a)(5) motion, the District Court erred in considering the 60(b) motion.

### III.

Even if the Rule 60(b) motion had been timely filed and properly granted so as to give the District Court the authority to revisit the Rule 4(a)(5) motion, we conclude that the District Court abused its discretion in finding that Lowry had shown excusable neglect.  See Metropolitan Fed. Bank v. W.R. Grace & Co., 999 F.2d 1257, 1259 (8th Cir. 1993) (standard of review).

The time limits detailed in Federal Rule of Appellate Procedure 4 for filing a notice of appeal in the district court are "mandatory and jurisdictional."  Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).  Under the terms of the rule, as relevant here, the district court may extend the time for filing a notice of appeal upon motion by a party made within thirty days of the filing deadline and with a showing of excusable

neglect.[5]  See Fed. R. App. P. 4(a)(5).  The question here is whether Lowry can demonstrate excusable neglect.

In Fink v. Union Central Life Insurance Co., this Court adopted the "more flexible analysis of the excusable neglect standard" set forth in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), for application to Rule 4(a)(5) cases.  Fink, 65 F.3d 722, 724 (8th Cir. 1995).  In Pioneer, the Supreme Court "conclude[d] that the determination [of whether neglect is excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Pioneer, 507 U.S. at 395.  The Court found those circumstances to include "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Id.

For some reason, MDC opted not to discuss all four of the Pioneer factors, or even to discuss the Pioneer standard at all in its brief, and mentions the case only

---

[5]Lowry's motion was styled "Ex Parte Motion by Plaintiff to File Notice of Appeal per Federal Rule of Appellant [sic] Procedure 4(a)(5)."  A party may file an ex parte 4(a)(5) motion to extend the time for filing a notice of appeal only if the motion is filed within the time permitted for filing the notice of appeal in the first place, ordinarily (and in this case) thirty days from the date judgment is entered.  See Hable v. Pairolero, 915 F.2d 394, 395 (8th Cir. 1990).  Lowry's motion was not filed within that period, but it was not ex parte either, as it was served on opposing counsel.

Also, to the extent Lowry may be proposing that we might apply the less stringent "good cause" standard referred to in Rule 4(a)(5) (she mentions it throughout her brief, usually in conjunction with the "excusable neglect" standard), we must reject that suggestion.  The good cause standard is applicable only when the party seeking an extension files her 4(a)(5) motion within the thirty-day period allowed for filing a timely notice of appeal, that is, when she is seeking permission to file late rather than forgiveness for having filed late.  See Bartunek v. Bubak, 941 F.2d 726, 728 (8th Cir. 1991).

fleetingly in its motion to dismiss. Instead, MDC's argument focuses only on the reasons that Lowry gave for failing to file a timely notice of appeal. We will assume, then, that MDC is not claiming that any prejudice will result to the company from granting Lowry's 4(a)(5) motion. Indeed, we discern none, except that final resolution of the case has been postponed. As for the second factor, the delay of one week in filing the original 4(a)(5) motion was minimal. But then it seems that the delay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible, since the Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal. See, e.g., Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 134 (7th Cir. 1996) ("We do not think it can make a difference that no harm to the appellee has been shown. There is unlikely ever to be harm in the Rule 4(a)(5) setting, because the neglectful appellant has only 30 days after the expiration of his time for appealing in which to request relief."). The delay is more significant, of course, if we count the months caused by the late filing (and subsequent granting) of Lowry's 60(b) motion. But even taking that delay into account, there is no apparent "impact on judicial proceedings." And there is no record evidence that Lowry did not act in good faith, as that term is generally understood (although we are a bit troubled by the sometimes inconsistent and shifting excuses for the failure to timely file the notice of appeal that appear throughout the record in this case).

This brings us to the fourth factor: Lowry's reason for missing the filing deadline. We think this is key to the analysis. The four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry. We acknowledge, of course, that the Supreme Court has said that neglect need not be "caused by circumstances beyond the control of the movant" to be excusable, Pioneer, 507 U.S. at 392, and that a finding of sufficient innocence on the part of the movant is not a condition precedent to our obligation to consider the other equitable factors, see id. at

-11-

395 n.14. But at the end of the day, the focus must be upon the nature of the neglect. Therefore we must examine carefully the reasons Lowry gave for missing the deadline.

In the original 4(a)(5) "Ex Parte Motion" (filed July 31, 1998), Lowry said that counsel "calculated incorrectly the thirty (30) days, believing that the thirty (30) days did not count the original June 24, 1998 and that thirty (30) days would fall on <u>Saturday July 25, 1998</u>." In fact counsel was correct about the first part; the thirty-day window did **not** begin on the date of entry, June 24, 1998, but on the next day. <u>See</u> Fed. R. App. P. 26(a)(1). Counting thirty days beginning with June 25, 1998, however, still makes the last day for filing a timely notice of appeal July 24, 1998, not July 25. Lowry also claimed in the "Ex Parte Motion" that "excusable neglect is shown by Plaintiff's counsel's miscalculation of the time due to the weekend time and the calculations thereto." We are not certain exactly what that means, as the rules clearly provide that intermediate weekends are to be counted in the thirty-day computation. <u>See</u> Fed. R. App. P. 26(a)(2). (If the last day for filing, however, falls on a weekend or a legal holiday, that day is not included in the thirty days allowed for filing. <u>See</u> <u>id.</u> 26(a)(3)). In the later-filed "Notice and Motion to Relieve Plaintiffs [sic] from Denial as Moot Motion to Grant Leave to Extend Time for Filing Notice of Appeal (FRCP 60, FRAP 4(a)(5) and 4(a)(6))" (filed January 19, 1999), Lowry further offered that "[a]ny miscalculations on the time was [sic] also compounded by the weekend and the number of days in the month of June." As we have said, it is unclear (and unexplained) why "the weekend" provides an excuse. As for the number of days in June, if Lowry is suggesting that June being a thirty-day month, rather than a thirty-one-day month, threw off his calculations, that argument is specious. If June had thirty-one days instead of thirty, the notice of appeal would have been due one day **sooner**.

What we have, then, is garden-variety attorney inattention. Although neglect no longer needs to be beyond a party's control to be deemed excusable, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." <u>Pioneer</u>, 507 U.S. at 392. Notwithstanding the "flexible" <u>Pioneer</u>

standard, experienced counsel's misapplication of clear and unambiguous procedural rules cannot excuse his failure to file a timely notice of appeal. "Here the rule is crystal clear, the error egregious, the excuses so thin as to leave the lapse not only unexcused but inexplicable." Prizevoits, 76 F.3d at 134. If we were to apply the excusable neglect standard to require that we deem Lowry's neglect excusable in this case, it is hard to fathom the kind of neglect that we would **not** deem excusable. See id.; see also Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) ("That the four-part Pioneer standard for determining excusable neglect applies does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect. If it could, almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline. We do not believe that the [Supreme] Court intended a practice that would require courts to be that lenient about disobedience to plain law."). The District Court abused its discretion in holding that Lowry demonstrated excusable neglect under Rule 4(a)(5).

We make short work of Lowry's argument that she was entitled to relief under Federal Rule of Appellate Procedure 4(a)(6) because she did not receive notice from the court or from a party of the entry of judgment. The District Court declined to address the issue because it was not properly raised in her original 4(a)(5) motion, and we see no error in that conclusion. Moreover, even if we were to consider the question and to accept the assertion that Lowry did not receive written notice of the entry of judgment, she acknowledged in her 4(a)(5) motion that "counsel was informed that [judgment] was entered on June 24, 1998 and was attempting to proceed thereto." Thus Lowry had actual notice of the entry of judgment, if in fact she did not receive written notice. Further, it was Lowry's responsibility to check the docket for entry of judgment, particularly when she knew on June 19, 1998, that the District Court had signed an order granting summary judgment to MDC. See Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 361 (8th Cir. 1994).

IV.

In sum, then, we hold that the District Court was without authority to consider Lowry's 60(b) motion to "undo" the court's denial of her original 4(a)(5) motion. In any case, Lowry cannot demonstrate that her neglect was "excusable" so as to entitle her to an extension of time to file her notice of appeal. The timely filing of a notice of appeal being mandatory and jurisdictional, we dismiss the appeal and decline to address the merits in what could only be an advisory opinion. See id.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.