281 F.Supp.2d 979 (2003)
Diana COOLEY, Deborah Jackson, Mary Love and Theresa Branham Plaintiffs,
v.
DAIMLERCHRYSLER CORPORATION Defendant.
No. 02-CV-780.
United States District Court, E.D. Missouri, Eastern Division.
March 28, 2003.
*980 *981 Mary Anne O. Sedey, President, Jon A. Ray, Sedey And Ray, P.C., Gary K. Burger, Jr., Cantor And Burger, LLC, St. Louis, MO, for Plaintiffs.
Barry A. Short, Gary M. Smith, Kristine K. Kraft, David W. Gearhart, Lewis And Rice, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
WEBBER, District Judge.
Before the Court is Defendant DaimlerChrysler's Motion to Dismiss [doc. # 12].

I. Background Facts
Plaintiffs raise an issue of first impression in the Eighth Circuit of whether the selective exclusion of prescription contraceptives from an otherwise comprehensive health care benefits plan constitutes discrimination on the basis of sex. Plaintiffs are full-time employees of defendant DaimlerChrysler Corporation and receive health insurance coverage through defendant's Health Care Benefits Plan, which is provided to all employees as a term and condition of employment. The Health Care Benefits Plan excludes coverage for prescription contraceptives. Plaintiffs brought this action on May 29, 2002, on behalf on themselves and as alleged class representatives for "all female employees of DaimlerChrysler who at any time were enrolled in DaimlerChrysler's prescription benefit plan for employees while using prescription contraceptives." Plaintiffs charge defendant ChryslerDaimler with two violations of federal employment discrimination law. Count I charges that defendant's exclusion of prescription contraceptives from the Health Care Benefits Plan constitutes disparate treatment on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, as amended by the Pregnancy Discrimination Act (PDA), 42 U.S.C. *982 § 2000e(k). Count II charges that defendant's exclusion of prescription contraceptives from the Health Care Benefits Plan has an adverse disparate impact on plaintiffs, constituting illegal employment discrimination on the basis of sex in violation of Title VII. Plaintiffs seek declaratory, injunctive, and equitable relief in the form of money damages, back pay, and attorneys' fees and costs.
On July 17, 2002, defendant filed a Motion to Dismiss. Defendant argues that plaintiffs' sworn Charges of Discrimination filed with the EEOC, as incorporated in their Complaint, preclude plaintiffs' claims of discrimination as a matter of law by declaring that all employees have been treated the same way and damaged the same way. Defendant further argues that plaintiffs' claims must be dismissed because prescription contraceptives are not protected under the PDA.

II. Discussion

A. Motion to Dismiss standard
Courts should not grant motions to dismiss complaints for failure to state a claim upon which relief could be granted unless it appears beyond a reasonable doubt that the non-moving party can prove no set of facts in support of a claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a Rule 12(b)(6) motion, the court takes all allegations in the complaint as true and views the facts alleged in the light most favorable to the non-moving party. The court should not dismiss merely because it doubts that a party will be able to prove all of the necessary factual allegations. Krentz v. Robertson, 228 F.3d 897, 905 (8th Cir.2000). As a practical matter then, a court should grant a Rule 12(b)(6) motion only where a plaintiff "includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Id. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

B. Title VII and the Pregnancy Discrimination Act
Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex," 42 U.S.C. § 2000e-2(a)(1). The Supreme Court has interpreted "compensation, terms, conditions, or privileges of employment" to include health insurance and other fringe benefits. Newport News Shipbuilding and Dry Dock Co. v. EEOC, 462 U.S. 669, 682, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983).
In 1978, Congress amended the definitional provisions of Title VII through the enactment of the Pregnancy Discrimination Act (PDA). The PDA provides that discrimination "on the basis of sex" includes, but is not limited to, "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k) (1994). Under the PDA, discrimination on the basis of pregnancy is a per se violation of Title VII. The PDA further requires equal treatment "for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work," Id.
Congress enacted the PDA in response to the Supreme Court's decision in General Electric Co. v. Gilbert, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). In Gilbert, the Court held that the exclusion of pregnancy-related disability benefits from *983 the employer's general disability plan did not constitute gender discrimination. Id. at 136-37, 97 S.Ct. 401. Noting that men and women had access to the same benefits, the Court stated that failure to provide for additional risks unique to women did not "destroy the presumed parity of the benefits." Id. at 139, 97 S.Ct. 401. The Court reasoned that even though only women can become pregnant, every classification concerning pregnancy was not necessarily sex-based. Id. at 135-36, 97 S.Ct. 401. Two strong dissents, pointing out that pregnancy was the only disability excluded from an otherwise comprehensive disability plan, rejected the majority's decision that such exclusion did not discriminate on the basis of sex. Id. at 161-62, 97 S.Ct. 401. As stated by Justice Stevens, "By definition, such a rule discriminates on account of sex; for it is the capacity to become pregnant which primarily differentiates the female from the male." Id.
Two years after this decision, Congress enacted the PDA to ensure that employers who provided disability benefits to their employees extended such benefits to pregnancy-related disabilities. Newport News, 462 U.S. at 670, 103 S.Ct. 2622 (recognizing that the PDA overruled the holding in Gilbert by prohibiting sex discrimination on the basis of pregnancy). See also Carney v. Martin Luther Home, Inc., 824 F.2d 643, 646 (8th Cir.1987) (stating that "[t]he Act's language and legislative history indicate the [PDA] was designed specifically to overrule the Gilbert decision"). The language of the PDA made clear that classifications based on pregnancy and related conditions are never gender neutral. As interpreted by the Supreme Court, "the [PDA] has now made clear that, for all Title VII purposes, discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." 462 U.S. 669, 684, 103 S.Ct. 2622, 77 L.Ed.2d 89. Rather than establishing a new basis of liability under Title VII, the PDA intended "to reestablish the principles of Title VII law as they had been understood prior to the Gilbert decision." 462 U.S. at 679 & n. 17, 103 S.Ct. 2622.
In addition to ensuring that pregnancy-related disabilities were not excluded from otherwise comprehensive benefit plans, the PDA was enacted to establish that differential treatment based on pregnancy is discrimination on the basis of sex because only women can become pregnant. 462 U.S. at 679 n. 17, 103 S.Ct. 2622. By broadening the definition of sex discrimination, the PDA was intended to "prevent the differential treatment of women in all aspects of employment based on the condition of pregnancy." Carney, 824 F.2d at 646. See also H.R.Rep. No. 95-948, 95th Cong., 2d Sess. 3 (1978), reprinted in 5 U.S.C.C.A.N. 4749, 4751 (1978) (stating that the PDA was enacted "to reflect the commonsense view and to ensure that working women are protected against all forms of employment discrimination based on sex."). "By enacting the PDA, Congress rejected the outdated notions upon which many `protective' laws and policies were based, policies which often resulted `from attitudes about pregnancy and the role of women who become pregnant which are inconsistent with the full participation of women in our economic system.'" Carney, 824 F.2d at 646 citing S.Rep. No. 95-331, 95th Cong., 1st Sess. (1977).

C. Disparate Treatment
Plaintiffs claim that defendant discriminates on the basis of sex in violation of Title VII, as amended by the PDA, by selectively excluding prescription contraceptives from its otherwise comprehensive benefit plan. In an intentional discrimination claim, "[t]he employer treats some people less favorably than others because of their ... sex." Int'l Brotherhood *984 of Teamsters v. United States, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Although liability depends on whether the protected trait actually motivated the employer's decision, courts may infer a discriminatory motive based on differences in treatment. Id. See also Krauel, 95 F.3d at 680 (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 610, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993)). As interpreted by the United States Supreme Court, "[t]he critical issue [under Title VII] is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). Thus, to seek relief, Plaintiff must allege that the exclusion of prescription contraception is sex-based and applies differently to females than males. See Saks v. Franklin Covey Co., 316 F.3d 337, 344 (2d Cir.2003) ("Under Title VII the proper inquiry in reviewing a sex discrimination challenge to a health benefits plan is whether sex-specific conditions exist, and if so, whether exclusion of benefits for those conditions results in a plan that provides inferior coverage to one sex.").
Under Title VII, as amended by the PDA, "pregnancy, childbirth, or related medical conditions" must be recognized as sex-based characteristics of women. 42 U.S.C. § 2000e(k). "The Pregnancy Discrimination Act has now made clear that, for all Title VII purposes, discrimination based on a woman's pregnancy is, on its face, discrimination because of sex." Newport News, 462 U.S. 669, 684, 103 S.Ct. 2622, 77 L.Ed.2d 89.
The Supreme Court has interpreted "pregnancy, childbirth, or related medical conditions" to encompass the potential for pregnancy. In UAW v. Johnson Controls, Inc., plaintiffs challenged the employer's fetal protection policy, which excluded fertile female employees from certain jobs with high levels of lead exposure, as sex discrimination in violation of Title VII, as amended by the PDA. 499 U.S. 187, 111 S.Ct. 1196, 113 L.Ed.2d 158 (1991). The Court held that a classification based on a woman's childbearing capacity was gender discrimination in violation of Title VII because "it does not apply to the reproductive capacity of the company's male employees in the same way as it applies to that of the females," 499 U.S. at 199, 111 S.Ct. 1196. The Court bolstered its opinion with the PDA, stating that employee classifications on the basis of potential for pregnancy "must be regarded, for Title VII purposes, in the same light as explicit sex discrimination." Id. at 199, 111 S.Ct. 1196. See also Krauel v. Iowa Methodist Medical Center, 95 F.3d 674, 680 ("Potential pregnancy, unlike infertility, is a medical condition that is sex-related because only women can become pregnant.").
In this case, the court must decide if the decision to exclude prescription contraceptives is sex-based. The employer has implemented a facially neutral policy, denying prescription contraceptives to all employees. However, as prescription contraceptives are only available to women, the exclusion is not gender neutral because it only burdens female employees. Under the PDA, seemingly neutral classifications that in fact burden women constitute facial sex discrimination. Further, as only women have the potential to become pregnant, denying a prescription medication that allows women to control their reproductive capacity is necessarily a sex-based exclusion. As recognized by the Supreme Court, a woman's potential for pregnancy is a status protected from discrimination and classifications on such basis must be treated "as explicit sex discrimination." Johnson Controls, 499 U.S. at 198, 111 S.Ct. 1196. The court finds sufficient allegations *985 to support that exclusion of prescription contraceptives was sex-based.
Additionally, plaintiffs must allege that exclusion of prescription contraceptives impacts females differently than males. Plaintiffs alleged that prescription contraceptives, which are prescribed for birth control and other medical purposes, are basic medical care for women. According to defendant, however, the Health Care Benefit Plan does not provide prescription contraceptives as a covered benefit to any employee; therefore, both male and female employees are equally affected and there can be no disparate treatment.
Under the PDA, "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work," 42 U.S.C. § 2000e(k). As interpreted by the Supreme Court, the PDA prohibits treating pregnancy-related conditions less favorably than other medical conditions. Newport News, 462 U.S. 669, 685, 103 S.Ct. 2622, 77 L.Ed.2d 89.
The Supreme Court has interpreted Title VII, as amended by the PDA, to require similarly comprehensive benefit coverage to males and females. In Newport News, the EEOC challenged an employer's benefit plan that differentiated between female employees and the spouses of male employees in the provision of pregnancy-related benefits, alleging discrimination on the basis of sex against male employees. 462 U.S. 669, 674, 103 S.Ct. 2622, 77 L.Ed.2d 89. The Court held that the benefit plan discriminated against male employees by providing less inclusive benefit coverage for male employees than for female employees. Id. at 684, 103 S.Ct. 2622. Citing the dissenting opinion in Gilbert, as adopted in the legislative history of the PDA, the Court noted that Title VII is violated when one sex is given protection for all categories of risk but the other sex receives only partial protection. Id. at 678, 103 S.Ct. 2622. See also Erickson v. Bartell Drug Co., 141 F.Supp.2d 1266 (W.D.Wash.2001) (holding that the exclusion of women-only benefits from generally comprehensive prescription plan is sex discrimination under Title VII); EEOC v. United Parcel Service, Inc., 141 F.Supp.2d 1216, 1219 (D.Minn.2001) (finding sufficient allegations of intentional disparate treatment where benefits plan provides medically necessary treatment for male hormonal disorders but failed to provide oral contraceptives for any reason, including female hormonal disorders).
Although facially neutral, the exclusion of prescription contraceptives may treat medication needed for a sex-specific condition less favorably than medication necessary for other medical conditions. Under Title VII, as amended by the PDA, the law recognizes that women have different sex-specific needs for which provisions must be made to the same extent as other health care requirements. Furthermore, plaintiffs have alleged that contraceptives are commonly prescribed to women not only for contraception, but for other medical reasons as well. The Plaintiffs have further alleged that under the defendant's benefits plan, men are protected from all categories of risk while women are granted only partial protection. Finally, they have contended that to the extent that prescription contraceptives provide basic medical health care for women, excluding such medication from the plan results in less comprehensive benefits to women. This is sufficient to state a claim for disparate treatment under Title VII. Defendant's motion to dismiss that count is denied.

D. Disparate Impact
Plaintiffs allege that Defendant's facially neutral policy of excluding prescription *986 contraceptives, which are available only to women, disparately impacts female employees in violation of Title VII. Defendant argues, however, that the plaintiffs' admissions that the Health Care Benefit Plan does not provide prescription contraceptives as a covered benefit to any employee defeat plaintiffs' discrimination claims as a matter of law.
It is well established that facially neutral practices form the basis of Title VII disparate impact claims. See, e.g., Griggs v. Duke Power Co., 401 U.S. 424, 430, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971) ("Under the Act, practices, procedures, or tests neutral on their face, and even neutral in terms of intent, cannot be maintained if they operate to freeze the status quo of prior discriminatory employment practices."). "A plaintiff seeking to prove discrimination under the disparate impact theory must show that a facially neutral employment practice has a significant adverse impact on members of a protected minority." Chambers v. Omaha Girls Club, Inc., 834 F.2d 697, 700 (8th Cir.1987) (finding facially neutral "negative role model rule" prohibiting continued employment of unmarried staff members who became pregnant disparately impacted black females). To establish a prima facie case of disparate impact, a plaintiff must show that employment practice falls more harshly on one group than another without justification. Krauel, 95 F.3d at 681 (quoting Houghton v. SIPCO, Inc., 38 F.3d 953, 958 (8th Cir.1994)). The plaintiff must offer "`statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion' of benefits because the beneficiaries would be women." Id. (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988)).
In this case, the plaintiff has alleged that even if the exclusion of prescription contraceptives is gender neutral, it has a disparate impact on women. If defendant wishes to exclude a limited number of benefits from an otherwise comprehensive benefit plan, it must ensure that such exclusions do not fall more harshly on one group. As prescription contraceptives are available only for women, the exclusion will impact women alone. Therefore, the court finds that the Complaint sufficiently establishes a prima facie case of disparate impact under Title VII.

IV. CONCLUSION
The Court concludes that the plaintiffs have alleged facts sufficient to support a claim of disparate treatment and disparate impact under Title VII, as amended by the PDA.
Therefore,
IT IS HEREBY ORDERED that Defendant DaimlerChrysler's Motion to Dismiss [doc. # 12] is DENIED.

MEMORANDUM AND ORDER
Before the Court is Defendant's Motion to Reconsider March 28, 2003 Order Or, In the Alternative, Certification for Interlocutory Appeal [doc. # 28].

I. Background
The plaintiffs are full time employees of DaimlerChrysler and receive health insurance coverage through its Health Care Benefits Plan (Plan), which is provided to all employees as a term and condition of employment. The Plan excludes coverage for prescription contraceptives. The plaintiffs brought suit on behalf of themselves and as purported class representatives for "all female employees of DaimlerChrysler who at any time were enrolled in DaimlerChrysler's prescription benefit plan for employees while using prescription contraceptives." Their motion for class certification is pending. Count I of the complaint *987 charged the defendant with disparate treatment on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act. The second count alleged that the defendant's exclusion of prescription coverage had an adverse disparate impact on the plaintiffs, also in violation of Title VII's prohibition on sex discrimination.
DaimlerChrysler moved to dismiss both counts of the complaint; the Court issued a Memorandum and Order and March 28, 2003 denying the motion. Now, DaimlerChrysler asks the court to reconsider its order, or in the alternative, certify the issue under 28 U.S.C. § 1292(b) for interlocutory appeal.

II. Discussion
Motions for reconsideration, though frequently filed, are not mentioned anywhere in the Federal Rules of Civil Procedure. Depending on the time they are filed, or the ruling challenged, the district courts are forced to construe them as Motions to Alter or Amend the Judgment under Fed.R.Civ.P. 59(e), or Motions for Relief from a Final Judgment, Order, or Proceeding under Fed.R.Civ.P. 60(b). Any motion that draws into question the correctness of the judgment, is functionally a Fed.R.Civ.P. 59(e) "Motion to Alter or Amend the Judgment," regardless of its label. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir.1996). The Court, however, has not issued a judgment, so there is no judgment to alter or amend. Furthermore, Fed.R.Civ.P. 60(b) does not apply, because an order granting a motion to dismiss is an interlocutory order, not a final one, and the rule only contemplates relief for "final judgments, orders, or proceedings." Even if it did, DaimlerChrysler has not articulated any ground for relief that is contained in that rule. The only possible one the Court could glean from the motion is for mistake under Rule 60(b)(1), and under Eighth Circuit law, relief for judicial error, other than judicial inadvertence, is not available. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460-61 (8th Cir.2000); Fox v. Brewer, 620 F.2d 177, 180 (8th Cir.1980). Furthermore, DaimlerChrysler has, for the most part, rehashed its motion to dismiss, and Rule 60(b) is not a vehicle for simple reargument on the merits. Broadway v. Norris, 193 F.3d 987, 989-90 (8th Cir.1999). To the extent that the Court has inherent power to reverse its own interlocutory order, the Court declines to exercise that power because the Court adequately considered the parties' arguments in its order denying the motion to dismiss.
One issue in DaimlerChrysler's motion, however, deserves mention. DaimlerChrysler argues that because of certain language the plaintiffs included their EEOC charge, they are now precluded by the doctrine of judicial estoppel or judicial admissions from asserting the legal theories contained in either count of their complaint. The Court did not mention this argument in its order because it thought application of the doctrine was clearly inappropriate. Judicial estoppel operates to protect the integrity of the judicial process. New Hampshire v. Maine, 532 U.S. 742, 749-50, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). The majority of circuits hold that the doctrine only applies where a party made an inconsistent prior assertion that was actually accepted or adopted by a court in an earlier litigation. Hossaini v. Western Missouri Medical Center, 140 F.3d 1140, 1143 (8th Cir.1998). Under the minority approach, judicial estoppel applies even where no court has accepted the prior assertion if the party taking contrary positions demonstrates an intent to play "fast and loose" with the courts. Id. In Hossaini, the Eighth Circuit noted that it was unclear which position the court had taken, and declined to choose in that case *988 because it held that the party had not made a statement that was clearly inconsistent with its earlier position. Id.
All four plaintiffs included the following language in their EEOC charges when describing the particulars of their cause of action:
I was discriminated against on the basis of my sex (female) in that my employer, the Daimler Chrysler Corporation, does not cover oral contraceptives or other birth control devices as part of its health care insurance plan, although it covers other prescription drug medication. I believe this conduct violates my rights under Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978. The exclusion of contraceptives from my employer's health benefits has caused me damage. In addition, all other employees of Daimler Chrysler have been similarly discriminated against on the same basis. My employer denied all its employees the benefit of having birth control devices and contraceptive medication as part of its health care benefits. This conduct violates the rights of all employees of Daimler Chrysler to be free from discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978. All employees of Daimler Chrysler have been damaged by this conduct. (emphases added).
DaimlerChrysler argues that through the italicized language, the plaintiffs admitted the Plan was not discriminatory, and thus, the plaintiffs should be precluded from asserting otherwise in their complaint. This Court does not read the language the same way. Although the EEOC charges were not artfully drafted, all the plaintiffs admitted when they said that "all employees have been similarly discriminated against," and "this conduct violates the rights of all employees," was that the Plan denied both males and females prescription drug coverage. They were not giving up their rights to argue that the Plan had a different impact on women than it did on men, nor were they giving up their right to argue that the defendant intentionally enacted this program to effect women's pregnancy-related rights. The defendant's motion for reconsideration, is therefore denied.
The Court is persuaded however, that the Title VII and Pregnancy Discrimination Act issues in its March 28, 2003 order involve controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation. See 28 U.S.C. § 1292(b). The plaintiffs have filed a motion asking the Court to certify a class consisting of female employees of DaimlerChrysler who were enrolled in the company's prescription drug benefit plan while using prescription contraceptives. If the Court erred in failing to deny the defendant's motion to dismiss, it would both serve the interests of justice and efficiency for the parties to know that before any class is certified and the parties brief further dispositive motions.
Therefore,
IT IS HEREBY ORDERED that Defendant's Motion to Reconsider March 28, 2003 Order [doc. # 28] is DENIED.
IT IS FURTHER ORDERED that Defendants Motion for Certification for Interlocutory Appeal is GRANTED. Under 28 U.S.C. § 1292, the parties may apply to the Court of Appeals for interlocutory appeal within ten days. The Court will not, however, stay these proceedings; therefore, all deadlines will remain in force.