Susan **STOCKING**, et al., Plaintiffs,

v.

**AT & T CORPORATION**, Defendant.

No. 03–0421–CV–W–HFS.

United States District Court,
W.D. Missouri,
Western Division.

Sept. 3, 2004.

Rex A. Sharp, Gunderson, Sharp & Walke, LLP, Prairie Village, KS, Rick D. Holtsclaw, Holtsclaw & Kendall LC, Sylvester James, Jr., The Sly James Firm, Trial Lawyers PC, Kansas City, MO, for Susan Stocking, for herself and all others similarly situated.

Brian N. Woolley, Lathrop & Gage, L.C., Kansas City, Laura M. Franze, Marcia Nelson Jackson, Akin, Gump, Strauss, Hauer & Feld, LLP, Dallas, TX, for AT & T Corporation, Defendant.

**MEMORANDUM AND ORDER DENYING CLASS CERTIFICATION WITHOUT PREJUDICE**

SACHS, District Judge.

Plaintiff Stocking has received an EEOC determination that defendant's health care program for employees violated Title VII and the Pregnancy Discrimination Act,[1] as it was conducted under a collective bargaining agreement prior to July 1, 2002, and that the program also remained in violation of those statutes as it was amended effective on that date. It now restricts coverage for prescribed contraceptives to mail-order acquisition. Prior to 2002, coverage did not exist at all under the health care plan plaintiff was using.

AT & T offered coverage for prescribed contraceptives for management employees,

---

1. 42 U.S.C. § 2000e et seq. and 2000e(k).

but only on a mail-order basis, before 2002. Certain elective programs, such as plaintiff's HMO option, also had coverage for prescribed contraceptives. Use of the HMO option would probably have imposed limitations on coverage that plaintiff did not want, and she was not interested in submitting to that plan in order to get coverage of prescribed contraceptives.

Under the First Amended Class Action Complaint, filed in January, plaintiff seeks to be a designated class representative for persons "similarly situated", to recover her and their past expenditures for prescribed contraceptives (amounting to roughly $1 per day) and injunctive relief against the mail-order restriction. Apparently the reimbursement ("back pay") would, under the most favorable theories, be limited to two years before filing the charge, and thus would start on August 26, 2000.

In support of class action certification plaintiff contends that the rather small claims here in question preclude meaningful remedies for the law violations alleged, and as found by the EEOC. She contends that AT & T has many women employees nationwide who would have claims like hers, that she is a suitable representative and is typical of the group, and that her legal representation is fully adequate to process class action litigation. She asserts that there are questions of law and fact that are common to the group. Thus plaintiff says she has met the prerequisites for a class action under Rule 23(a), F.R.Civ.Proc.

Defendant contests many of plaintiff's contentions regarding entitlement to class action certification. I shall, however, assume arguendo, that notice to the women employees of AT & T would arouse substantial interest in reimbursement by employees using prescription contraceptives who have not heretofore been covered, and that at a minimum there would be hundreds of members in the proposed class. I also assume competent legal representation (a matter not really questioned). There may be questions about the money claims, because of a multitude of individual experiences and histories.[2] They need not be resolved at this time. Plaintiff emphasizes she is serious about the claim for injunctive relief, to eliminate the allegedly burdensome mail-order restriction.

Defendant contends plaintiff could get injunctive relief that would benefit the whole class without class certification, and presumably the processing of the case would be feasible because attorneys' fees would be available if successful.

At this time I conclude, however, that there is an obvious fatal flaw in typicality on the claim for injunctive relief, which I am led by plaintiff to believe is a significant part of this case. Plaintiff has discontinued the use of contraceptives, at last report, and is seeking to become pregnant. Moreover, she has testified to satisfaction with mail-order acquisitions.[3] Under those circumstances I cannot conclude that anyone other than her lawyers is much interested in eliminating the mail-order restriction, which is the only alleged controversy about the present plan.

We cannot have a class action without a class representative who has an ongoing interest in the relief prayed for. Therefore, we cannot go forward with a class action for injunctive relief without (1) a new plaintiff who does use prescription contraceptives and does object to the mail-order system, or (2) development of some theory that Ms. Stocking expects to use prescription contraceptives in the future, and wants to eliminate the restriction, and that she has standing on the likelihood that the mail-order system will be a recurring problem for her in the future.

I will deny class certification awaiting further developments of the sort indicated. In the meantime, defendant is free to proceed with a prompt summary judgment motion, directed to one or both of the claims.[4] I am

---

**2.** This issue was bypassed in a decision favorable to plaintiff's contentions, which may at least be analogous for the period before July, 2002. *Mauldin v. Wal–Mart Stores, Inc.,* 2002 WL 2022334 (N.D.Ga.)

**3.** My procedural approach is similar to that favored in the Seventh Circuit. *Szabo v. Bridgeport*

*Machines, Inc.,* 249 F.3d 672 (7th Cir.2001). I am satisfied that we need to go outside the pleadings, as in summary judgment.

**4.** It may be appropriate to advise I am skeptical of the PDA claim because of *Krauel v. Iowa Methodist Med. Ctr.,* 95 F.3d 674 (8th Cir.1996).

free to stay those proceedings if there is a renewed class action motion that is sufficiently plausible to stop consideration of the merits.

The motion for class certification is DENIED without prejudice.

See, however, *Cooley v. DaimlerChrysler Corp.,*

281 F.Supp.2d 979 (E.D.Mo.2003).