SURETY INSURANCE COMPANY OF CALIFORNIA, Appellee,

v.

Lee WILLIAMS and Betty Williams, Appellants.

No. 83–1509.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1984.

Decided March 16, 1984.

Michael D. Clark, Clark & Clark, Ardmore, Okl., for appellants.

Rex M. Terry, Hardin, Jesson & Dawson, Fort Smith, Ark., for appellee.

Before BRIGHT, McMILLIAN and ARNOLD, Circuit Judges.

## ORDER OF REMAND

Appellants Lee and Betty Williams appeal from the district court's [1] order denying their motion to vacate an adverse judgment which the district court entered pursuant to a settlement agreement. The Williamses contend that the judgment should have been set aside under rule 60(b) of the Federal Rules of Civil Procedure because their attorney lacked authority to agree to the settlement. We vacate the district court's order denying the rule 60(b) motion and remand this case to the district court for further proceedings.

We briefly review the underlying facts and proceedings in this case. Surety Insurance Company (Surety) filed a lawsuit against the Williamses alleging fraud and breach of contract. In an amended complaint, Surety named appellee United People's Savings & Loan Association (United People's) as an additional defendant. Prior to trial, counsel for all the parties agreed to settle the case. Under the terms of the settlement, Surety would take judgment against the Williamses for $109,859.94 and against the United People's for $10,000, subject to Surety releasing any lien claims against certain real property held by United People's. On December 21, 1982, the district court entered a judgment in accordance with the settlement agreement.[2]

On February 14, 1983, the Williamses filed a motion under rule 60(b) to vacate the court's judgment. In a conclusory affidavit, the Williamses asserted that they were unaware that the district court was to enter a judgment against them for $109,-859.94, and that their attorney had acted contrary to their specific instructions in agreeing to such a judgment.[3] Without conducting a hearing, the district court denied the motion on the ground that it failed to state sufficient grounds for relief.

The Williamses' claim that their attorney lacked authority to agree to the settlement, though conclusory in nature, does state a ground for relief under rule 60(b). See Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792, 796 (7th Cir.1980); Associates Discount Corp. v. Goldman, 524 F.2d 1051, 1053–54 (3d Cir. 1975). Although an attorney is presumed to possess authority to act on behalf of the client, "a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no

1. The Honorable Elsijane T. Roy, United States District Judge for the Western District of Arkansas.

2. In its entry of judgment, the district court stated that when United People's met its obligation to Surety, Surety would have a continuing judgment against the Williamses for $99,859.94 plus interest. On January 5, 1983, United Peo-

ple's met its obligation to Surety, and a partial satisfaction of judgment was entered.

3. The attorney who represented the Williamses in the settlement negotiations did not submit an affidavit attesting that he lacked authority to consent to a settlement.

right to consent to its entry." *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir.1979) (per curiam); *see also Thomas v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir.1966). Because the motion to vacate the judgment stated a claim cognizable under rule 60(b), the district court abused its discretion in summarily denying the motion without any type of evidentiary hearing. *See Associates Discount Corp. v. Goldman, supra*, 524 F.2d at 1054; *cf. Clarke v. Burkle*, 570 F.2d 824, 832 (8th Cir.1978).

Accordingly, we vacate the district court's order denying the motion and remand this case for an evidentiary hearing to determine whether or not the Williamses' attorney possessed actual, implied, or apparent authority to consent to the judgment. We note that in entering the judgment, the district court made findings of fact based upon the proceedings and the record. Thus, to prevail on their motion to vacate the judgment, the Williamses carry a heavy burden to establish that their attorney acted without any kind of authority in agreeing to the entry of judgment in the trial court. We think that in meeting that burden the Williamses may not rely on their conclusory affidavit, but must establish through competent evidence that their attorney lacked actual, implied, or apparent authority to stipulate to an entry of judgment.

Thus, we vacate the order denying relief to the Williamses without prejudice and remand this case to the district court for an evidentiary hearing and for the entry of an order that may be appropriate under the circumstances. Of course, we intimate no view as to the merits of the Williamses' claim.