829 F.2d 644
 107 Lab.Cas. P 10,209, 9 Fed.R.Serv.3d 79
 GREATER KANSAS CITY LABORERS PENSION FUND, a Trust Fund, and
Fred Reagan, Launcie Britton, John Rider; Richard Everhart;
Columbus Sumpter; Francis Jacobs; Jack Lehman; Roy
Philliips; August L. Huber, III; Lynn Bowman; Norman
Hansen; William A. Weeks; C. Wells Haren, Jr. and James
Duvall, Trustees of the Greater Kansas City Laborers Pension
Fund, and Greater Kansas City Laborers Welfare Fund, a Trust
Fund, and Fred Regan; Launcie Britton; James Nidiffer;
John Rider; Columbus Sumpter; Francis Jacobs; Jack
Lehman; Jim Senter; Ralph Walters; T.C. Lemon; Harold E.
Porter; Terry Dunn; and James Duvall, Trustees of the
Greater Kansas City Laborers Welfare Fund, and Greater
Kansas City Laborers Vacation Plan, a Trust Fund, and James
Nidiffer; Launcie Britton; Jack Lehman; Norman Hansen;
Fred Reagan; Jim Senter; James L. Hutton, Trustees of the
Greater Kansas City Laborers Vacation Plan, and Greater
Kansas City Laborers Training Fund, a Trust Fund, and
Richard Everhard; Launcie Britton; Jack Lehman; Fred
Regan; James Duvall; William Weeks; and Don Meyer,
Trustees of the Greater Kansas City Laborers Training Fund, Appellees,
v.
PARAMOUNT INDUSTRIES, INC., a Missouri Corporation; Sunlite
Corporation; a Kansas Corporation, Appellants.
 No. 86-2503.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 8, 1987.
Decided Sept. 17, 1987.
 
 Robert N. Calbi, Kansas City, Mo., for appellants.
 Michael C. Arnold, Kansas City, Mo., for appellees.
 Before WOLLMAN and MAGILL, Circuit Judges, and DUMBAULD,* Senior District Judge.
 WOLLMAN, Circuit Judge.
 
 
 1
 Defendants appeal from the district court's order denying their motion to vacate a judgment entered pursuant to a settlement agreement. Defendants argue that the judgment should have been set aside under Rule 60(b) of the Federal Rules of Civil Procedure because their attorney lacked authority to agree to the settlement. We vacate the order and remand to the district court for further proceedings.
 
 
 2
 The original action in this case was brought by four trust funds against Paramount Industries, Inc. and Sunlite Corporation (Sunlite) for an accounting and for collection of unpaid fringe benefit contributions. Subject matter jurisdiction was founded on Section 301 of the Labor Management Act, 29 U.S.C. Sec. 185 and Section 502 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Sec. 1132.
 
 
 3
 The case was scheduled for trial on April 28, 1986. Prior to trial, counsel informed the court that a settlement agreement had been reached. Thereafter, counsel appeared before the court, stated for the record that the case had been settled, and recited the details of the agreement. The substance of the settlement entailed the dismissal of Paramount from the suit, the payment of $41,000 by Sunlite to plaintiffs for delinquent contributions, and the guarantee by Joseph L. Holt and Michael J. Holt, Sunlite's principals, of those payments in the event Sunlite failed to comply with the terms of the settlement. After the recitation of the agreement, counsel for the Holts and Sunlite stated that plaintiffs' counsel had "stated to the Court exactly how we've decided to dispose of this and the defendants would be willing to settle this case on that basis."
 
 
 4
 Thereafter, Sunlite and the Holts refused to execute the necessary papers and pleadings to effect the settlement agreement. The case was then rescheduled. On October 29, 1986, the parties and their counsel appeared at trial, at which time plaintiffs moved to enforce the previously negotiated settlement agreement. Counsel for Paramount, Sunlite, and the Holts claimed that he did not have authority to enter into the previous settlement agreement and that therefore the agreement should not bind his clients.[1]
 
 
 5
 After hearing the arguments of counsel and reviewing the record and the settlement agreement, the court granted plaintiffs' motion to enforce the negotiated agreement. The court held that through their counsel Sunlite and the Holts had entered into a valid, enforceable, and binding agreement. The court further found that the Holts had voluntarily submitted to the jurisdiction of the court by announcing through their attorney their agreement to settle. The court made no finding, however, as to whether defendants' counsel had been given the authority by his clients to settle.
 
 
 6
 On November 10, 1986, defendants filed a motion under Fed.R.Civ.P. 60(b) to vacate the court's judgment or, in the alternative, for a hearing on the issue of their counsel's authority to stipulate to the settlement agreement. The district court summarily denied defendants' motion without a hearing.
 
 
 7
 Defendants argue that the district court abused its discretion in failing to conduct a hearing on the issue of whether their attorney had the authority to consent to the settlement. We agree.
 
 
 8
 In Surety Ins. Co. of California v. Williams, 729 F.2d 581, 582 (8th Cir.1984), this court held that the defendants' claim that their attorney lacked authority to agree to a settlement agreement, though conclusory in nature, was sufficient to state a ground for relief under Rule 60(b). The court stated that "[a]lthough an attorney is presumed to possess authority to act on behalf of the client, 'a judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry.' " Surety Ins. Co. of California, 729 F.2d at 582-83 (citing Bradford Exchange v. Trein's Exchange, 600 F.2d 99, 102 (7th Cir.1979)).
 
 
 9
 In Surety Ins. Co., counsel for the defendants agreed to settle their case prior to trial. The court entered a judgment in accordance with the settlement agreement. After the defendants learned of the settlement, they filed a Rule 60(b) motion to vacate the judgment. They claimed that they were unaware of the court's judgment and their attorney's consent to that judgment. The defendants further asserted that their attorney had acted contrary to their specific instructions in agreeing to such a judgment. The present action presents a similar situation. The Holts assert that their attorney agreed to a settlement holding them personally liable for a judgment without first explaining to them the significance of such an arrangement and without receiving their express consent. Moreover, since they were not in court when the agreement was entered in the record, they could not object until after they had reviewed the settlement documents.
 
 
 10
 "An attorney of record may not compromise, settle, or consent to a final disposition of his client's case without express authority."[2] Turner v. Burlington Northern R.R. Co., 771 F.2d 341, 345 (8th Cir.1985). The rules for determining whether an attorney has been given authority by a client to settle a case are the same as those which govern other principal-agent relationships. Id. at 345; Edwards v. Born, Inc., 792 F.2d 387, 389 (3rd Cir.1986). Once it is shown, however, as in the present action, that an attorney has entered into an agreement to settle a case, the party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given. Turner, 771 F.2d at 346. This is a heavy burden. Id.
 
 
 11
 Because the motion to vacate the judgment stated a cognizable claim under Rule 60(b), the district court erred in summarily denying the motion without any type of evidentiary hearing. Accordingly, we vacate the order denying defendants' motion and remand this case for an evidentiary hearing and the entry of whatever order the district court thereafter deems appropriate.[3]
 
 
 12
 DUMBAULD, Senior District Judge, concurring.
 
 
 13
 I concur in the remand, for an evidentiary hearing to establish whether Sunlite's attorney "possessed actual, implied, or apparent authority to consent to the judgment," but solely because I think we are bound to do so by Surety Ins. Co. of California v. Williams, 729 F.2d 581, 582-83 (8th Cir.1984), and other Eighth Circuit cases.
 
 
 14
 In my opinion it is toying with the court, an affront and impediment to the due administration of justice, for parties to attempt to worm their way out of a reasonable settlement made in open court.[1]
 
 
 15
 Parties employing counsel in litigation are subject to the normal rules of the law of agency. They should know that settlement by the assent of the parties themselves is a favored method of disposition of cases, better than submission to a third party such as a judge or jury, who though objective and impartial may not understand the concerns of the parties as well as they do themselves.
 
 
 16
 Hence the parties should know that their counsel must be authorized at all times to make an appropriate settlement. Litigants must keep their counsel currently informed of the terms upon which they are agreeable to the disposition of pending litigation.[2]
 
 
 17
 This is especially true in the case at bar, where the settlement was sanctioned by a proceeding in open court. The Holts should have been present at this important stage of their case, rather than absent, if they thought their counsel incapable of conveying with precision the terms of their authorization to settle. As a consequence of their indifference they are inflicting an imposition on the district court to thresh old straw.[3]
 
 
 
 *
 The HONORABLE EDWARD DUMBAULD, United States Senior District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 Counsel claimed that he never fully explained to the Holts the legal significance of their personal guarantee of the payments or the stipulation in the agreement that Sunlite would continue to be bound by a previously negotiated union contract
 
 
 [2]
 In Surety Ins. Co. this court remanded for a determination whether the attorney possessed "actual, implied, or apparent authority to consent to the judgment," 722 F.2d at 583. Why the Turner court established the apparently more stringent requirement of express authority we do not know
 
 
 [3]
 The Holts also argue that they were not subject to the jurisdiction of the court and that therefore the court had no power to enter judgment against them. This issue must be decided on remand
 
 
 [1]
 The reasonableness of the settlement may be inferred from its approval by the district court. Guarantee of a corporation's liability by its principals is a common transaction if the corporation's credit is less solid than that of substantial stockholders or officers
 
 
 [2]
 Perhaps, to avoid "satellite litigation" such as that with which we are now confronted, Rule 11 FRCP should be amended to make clear that counsel when settling a case have the authority to do so
 
 
 [3]
 This thankless task will produce "ennui" rather than "unspeakable pain." Hence it would be an exaggeration to allude to the words of Aeneas when Dido asks him to recount the story of the fall of Troy:
 "Infandum, regina, jubes renovare dolorem."
 Vergil, Aeneid, II, line 3.