F I L E D
United States Court of Appeals
Tenth Circuit

DEC 31 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

REAL PROPERTY LOCATED AT RT 1
BOX 118, WASHITA COUNTY,
OKLAHOMA,

    Defendant,

RAYMOND D. MADDEN,

    Claimant-Appellant.

No. 97-6015
(D.C. No. 92-CV-2012)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

submitted without oral argument.

Raymond D. Madden, a federal prisoner appearing *pro se*, appeals the district court's denial of his Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Mr. Madden was imprisoned following his conviction for distributing phenylacetic acid, a chemical used to manufacture methamphetamine. He now challenges the judgment entered in a civil forfeiture proceeding against certain real property the government alleged was used to facilitate the commission of the drug offense for which he was convicted. Because the facts relevant to Mr. Madden's conviction, the forfeiture proceeding and prior forfeiture challenges are set forth fully in our opinion affirming the district court's denial of his Fed. R. Crim. P. 41(e) motion for return of real property, *United States v. Madden*, 95 F.3d 38 (10th Cir. 1996), we do not repeat them here.

In this appeal, Mr. Madden claims the civil forfeiture judgment entered pursuant to an "Agreed Order of Forfeiture" is void under Fed. R. Civ. P. 60(b)(4). According to Mr. Madden, he never authorized his attorney to enter into or sign the "Agreed Order of Forfeiture." He alleges his due process and confrontation rights were violated when the government and the district court accepted the "Agreed Order of Forfeiture" without his

2

knowledge or signature. He further alleges he was denied effective assistance of counsel.

Where Rule 60(b)(4) is invoked on the basis the underlying judgment is void, our review is *de novo*. *See, e.g., Wilmer v. Board of County Comm'rs,* 69 F.3d 406, 409 (10th Cir. 1995). Notably, however, a judgment is not void simply because it is or may be erroneous. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 (10th Cir. 1979). "For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it. If found at all, voidness usually arises for lack of subject matter jurisdiction ... or if the court has acted in a manner inconsistent with due process of law." *Id*. at 224-25. Finality necessitates that we narrowly restrict the application of Rule 60(b)(4). *See id.* at 225.

We first address Mr. Madden's claim the forfeiture judgment based on the "Agreed Order of Forfeiture" is void because it denied him his rights under the Confrontation Clause. By its own terms, the constitutional right to confront witnesses applies only "[i]n all criminal prosecutions." U.S. Const. amend. VI. The forfeiture proceeding pertaining to Mr. Madden's property was civil in nature, not criminal. Mr. Madden's Rule 60(b)(4) Confrontation Clause contention therefore is without merit. *See United States v. Parcel of Real Property Known as 6109 Grubb Road*, 886 F.2d 618, 621 (3d Cir. 1989).

3

Mr. Madden's ineffective assistance of counsel claim is similarly without merit as there is no constitutional right to effective assistance of counsel in a civil case. *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

Mr. Madden's due process contentions appear to hinge solely on his bare allegation, some three and one-half years after the forfeiture judgment was entered, that he never authorized his attorney to enter into or sign the "Agreed Order of Forfeiture." We must evaluate such a claim beginning from the presumption that an attorney possessed the authority to act on behalf of the client. *Thomas III v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966); *Surety Ins. Co. of California v. Williams*, 729 F.2d 581, 582 (8th Cir. 1984).

Having reviewed carefully the briefs and the record, we conclude the court was not powerless to enter the forfeiture judgment against Mr. Madden. Thus, the judgment is not void under Rule 60(b)(4) as Mr. Madden Contends. *See V.T.A., Inc.*, 597 F.2d at 224-25.

For the foregoing reasons, we conclude the district court properly denied Mr. Madden's Rule 60(b) Motion for Relief from Judgment.

**AFFIRMED**.


Entered for the Court


**WADE BRORBY**
United States Circuit Judge

5