# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2005

_____

Linda Harris,                      *

                         *

           Appellant,           *

                         *      Appeal from the United States

     v.                      *      District Court for the Eastern

                         *      District of Arkansas.

Arkansas State Highway and      *

Transportation Department,        *

                         *

          Appellee.            *

_____

Submitted: December 16, 2005
Filed: February 10, 2006

_____

Before BYE, BOWMAN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Linda Harris appeals the district court's[1] denial of her motion to set aside an Order Dismissing Action by Reason of Settlement. Harris contends that she never agreed to the settlement or that her agreement resulted from a "gross

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

misunderstanding." For the reasons discussed below, we affirm the district court's order.

## I.    BACKGROUND

Linda Harris filed a complaint against the Arkansas State Highway and Transportation Department ("AHTD") alleging discrimination claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA") and the Arkansas Civil Rights Act. Her original attorney in the case, Keith Blackman, described the terms of a potential settlement agreement to Harris on October 14 or 15, 2003. Harris authorized Blackman to enter into the settlement agreement as she understood it, and Blackman and AHTD reached an oral agreement and informed the district court. The district court issued an Order Dismissing Action by Reason of Settlement on October 17, 2003, dismissing the suit with prejudice and specifically retaining ancillary jurisdiction to enforce the settlement agreement.

Harris never signed a written settlement agreement, and she obtained new counsel. In July 2004, she filed a motion to set aside the Order Dismissing Action by Reason of Settlement, claiming that she never agreed to the settlement or that her agreement resulted from a "gross misunderstanding." At a hearing before the district court, Blackman and Harris both testified as to their recollections of Harris's authorization of the settlement agreement. Blackman's recollection of the conversation was that he told Harris she could settle the discrimination suit for a certain amount and that the settlement would not affect her separate pending lawsuits regarding workers' compensation and personal injury. Harris recalled that Blackman told her the amount would settle only her state-law discrimination claims, not her federal-law discrimination claims.

The district court made a factual finding that Blackman's account of events was credible and ruled that Blackman had, at the least, apparent authority to enter into the

settlement agreement on behalf of Harris. Therefore, the district court denied Harris's motion to set aside the settlement agreement and ordered enforcement of the settlement agreement. Harris appeals.

## II. DISCUSSION

"Once it is shown . . . that an attorney has entered into an agreement to settle a case, the party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given. This is a heavy burden." *Greater Kansas City Laborers Pension Fund v. Paramount Indus., Inc.*, 829 F.2d 644, 646 (8th Cir. 1987) (citations omitted). We review the district court's factual findings for clear error. *Mueller v. Guardian Life Ins. Co.*, 143 F.3d 414, 416 (8th Cir. 1998).

First, we note that the district court retained ancillary jurisdiction to enforce the settlement agreement because it specifically reserved such jurisdiction in the Order Dismissing Action by Reason of Settlement. *See Myers v. Richland County*, 429 F.3d 740, 745-46 (8th Cir. 2005). Harris contends that the district court could not retain jurisdiction because the parties never executed a written settlement agreement. However, where a district court expressly reserves jurisdiction to enforce a settlement agreement in an order of dismissal, the district court retains jurisdiction even if an oral settlement agreement is not reduced to written form and executed. *See Gilbert v. Monsanto Co.*, 216 F.3d 695, 700 (8th Cir. 2000) ("[T]he district court did not clearly err in finding that there was an oral agreement or in concluding that it retained jurisdiction over the enforcement of the settlement agreement, regardless of its form."). Therefore, contrary to Harris's argument, the district court could and, in fact, did retain jurisdiction to enforce the settlement agreement.

We have stated that a settlement agreement is enforceable if the attorney possessed "actual, implied, or apparent" authority to enter into it, *Surety Ins. Co. v.*

*Williams*, 729 F.2d 581, 583 (8th Cir. 1984), and more recently that an attorney must have been given "express" authority to enter into it, *Turner v. Burlington N. R.R. Co.*, 771 F.2d 341, 345 (8th Cir. 1985). Under either standard, the record demonstrates that Blackman had authority to enter into the settlement agreement. Because express authority is the more stringent standard, *Greater Kansas City Laborers Pension Fund*, 829 F.2d at 646 & n.2, we conduct our analysis under that standard.[2]

Express authority "can be created by written or spoken words or the conduct of the principal which, reasonably interpreted, causes an agent to believe that the principal desires him [or her] to act in a particular manner on the principal's account." *Turner*, 771 F.2d at 345 (8th Cir. 1985) (quoting *Sys. Inv. Corp. v. Montview Acceptance Corp.*, 355 F.2d 463, 466 (10th Cir. 1966)). Although the district court's order does not make a specific finding of express authority, the order states that the district court "credit[s] Mr. Blackman's account of the settlement communication between him and Ms. Harris." We defer to the district court's credibility determinations. *Mueller*, 143 F.3d at 416. According to Blackman's account of the settlement communication, Blackman stated to Harris that the proposed settlement would resolve her entire discrimination suit, and she then expressly agreed to settle the case. Transcript of Motions Hearing at 16-17. Harris's spoken words during this conversation, reasonably interpreted, caused Blackman to believe that Harris desired him to enter into the proposed settlement agreement on her account. Therefore, we hold that Blackman had express authority to enter into the settlement agreement on behalf of his client.

The district court acknowledged in the order that "[o]ne can understand how a lay person might misunderstand what a lawyer says and writes about a settlement in

---

[2]Although the district court expressly relied on the existence of apparent authority rather than express authority, we may affirm the district court on any basis supported by the record. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 597 n.5 (8th Cir. 2002).

a case like this." However, even if Harris misunderstood what she was agreeing to, this would not defeat the grant of express authority to enter into the settlement agreement. With regard to Harris's complaint that the settlement agreement was not explained to her with sufficient care, "arguments addressing the adequacy of [an attorney's] legal representation, regardless of their merit, are irrelevant" to the determination of whether a party gave her attorney express authority to enter into a settlement agreement. *Mueller*, 143 F.3d at 416.

## III.   CONCLUSION

We conclude that the district court did not err in denying Harris's motion to set aside the settlement agreement and in ordering enforcement of the settlement agreement. Therefore, we affirm the order of the district court.

_____