# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1614

_____

Alan Honarmand,

          Appellant,

    v.

J. C. Penney,

          Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Eastern
\*  District of Arkansas.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: October 21, 2011
Filed: October 26, 2011

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Alan Honarmand appeals the district court's[1] orders dismissing his employment-discrimination action as settled, and denying his motion to reconsider based on his claim that his attorney settled the case without authority. Following careful review, we conclude the district court's finding that Honarmand's attorney had authority to settle the case was not clearly erroneous. See Mueller v. Guardian Life Ins. Co., 143 F.3d 414, 415-16 (8th Cir. 1998) (holding that court's factual findings were not clearly erroneous in light of credibility determinations to which appellate

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

court deferred, evidence in record supporting court's findings, and reasonable inferences drawn by court from evidence); <u>see also</u> <u>Harris v. Ark. State Highway & Transp. Dep't</u>, 437 F.3d 749, 750-51 (8th Cir. 2006) (party who denies that attorney was authorized to enter into settlement bears "heavy burden" to prove that authorization was not given; express authority can be created by, inter alia, written words of principal which cause agent to believe that principal desires him to act in particular manner).  Accordingly, we affirm the district court's judgment. <u>See</u> 8th Cir. R. 47B.

_____