# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2012

No. 12-60236
Summary Calendar

Lyle W. Cayce
Clerk

LARRY J. WAITES,

Plaintiff - Appellant

v.

LEE COUNTY MISSISSIPPI; CITY OF TUPELO MISSISSIPPI; ED NEELY, in his official capacity as former Mayor for the City of Tupelo; JACK REED, in his official capacity as Mayor for the City of Tupelo; JIM JOHNSON, in his official capacity as Sheriff of Lee County, Mississippi; HAROLD CHAFFIN, in his official capacity as Chief of Police of the City of Tupelo; LEE COUNTY BOARD OF SUPERVISORS, in their Official Capacity; OFFICER DOUG MANSELL, in his official capacity; OFFICER JASON WHITENTON, in his official capacity; OFFICER TOM CODY, in his official capacity; LIEUTENANT MIKE OLIVE, in his official capacity; OFFICER FOREMAN, in his official capacity; OFFICER CHERRY, in his official capacity; JOE DOES 1-10, Jail Administrators; RICHARD DOES 1-10, Unidentified Officers of the Tupelo Police Department; JOHN DOES 1-10, Unidentified Officers of the Lee County Sheriff's Department,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No: 1:09-CV-287-MD

No. 12-60236

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Larry Waites appeals the denial of a motion to vacate an agreed order of dismissal and reinstate this case to an active docket. For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

Larry Waites was arrested after a traffic stop on November 25, 2006 for driving under the influence of alcohol and drugs. Three years later Waites filed the instant suit, alleging that he was subject to unreasonable use of force in the course of his detainment at the Lee County-Tupelo Adult Jail following his arrest. He alleged that during the booking process, several Tupelo and Lee County officers held him down and allowed another officer to assault him.

On January 18, 2011, over a year after the suit was filed, Defendants moved for a Protective Order, charging discovery wrongdoing by Waites's counsel. The Magistrate Judge granted Defendants' request, and also agreed to extend the deadlines in the scheduling order. Waites's counsel then appealed the extension of the scheduling order, and moved to prohibit Defendants from taking the deposition of Waites's expert pending the appeal. Although the Magistrate Judge denied Waites's request to prohibit the depositions from going forward, neither Waites's counsel nor his expert appeared for the scheduled deposition.

After the failure to appear Defendants moved for sanctions. Waites's counsel's only response was that she had orally agreed with defense counsel's paralegal to take the deposition by videoconference. The paralegal submitted an affidavit, however, stating that she never spoke with Waites's counsel about

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60236

taking the deposition by videoconference. The Magistrate Judge then granted sanctions against Waites's counsel, and the District Judge affirmed the award. The Magistrate Judge also ordered Waites to make his expert witness available for deposition in Tupelo, and the District Judge affirmed the order.

After the ruling Waites's counsel moved to withdraw on the basis that her client had subsequently been arrested for, "among other charges, public drunkenness and disturbing the peace." On the same day the motion to withdraw was filed, Waites's counsel, along with his expert witness, once again failed to appear for a scheduled deposition. Defendants then moved the Court to dismiss the action with prejudice for failure to obey a court order, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). Defendants also noted that Waites's counsel should not be allowed to withdraw until the monetary sanctions were paid.

On June 20, 2011, the parties entered an Agreed Order of Dismissal, which stated, in part:

> THIS CAUSE having come on the joint *ore tenus* motion of the parties, Plaintiff requests the Court to dismiss this civil action with prejudice, and the Defendants request, therefore, that the Court vacate the previous orders with respect to sanctions imposed upon Plaintiff's attorneys. The Court, having considered said Motion is of the opinion that the Motion is well taken and should be granted.

After the agreed order was entered, Waites retained new counsel and proceeded to file a motion to vacate the order and reinstate the case to the active docket. In support of the motion, Waites alleged that he "was not advised and did not understand that his cause was being dismissed in exchange for Defendants' foregoing sanctions against Plainitff's attorneys." The district court entered an order permitting Waites to file evidentiary materials and a brief in support of his motion, and, later, granted Waites's motion for an extension of time to file such materials. The brief filed in support of the motion again alleged that "Waites

No. 12-60236

never gave his informed consent to the dismissal" and requested a hearing "to at least decide whether Waites knowingly consented to the dismissal." In his reply brief, Waites also stated that his earlier attorneys "had an unmistakable conflict of interest in advising Waites to dismiss."

In response to the motion, Waites's former attorneys submitted various affidavits explaining that they had spoken with Waites regarding the agreed order of dismissal, and had discussed all aspects of the litigation including the offer of judgment, the fact that sanctions had been issued, and the likelihood of fee shifting. At the end of the conversation, Waites concluded that it was in his best interest to dismiss the case, and he advised counsel accordingly.

After reviewing the affidavits, the District Judge stated:

> In light of [Waites's counsel's] affidavit, it seems quite doubtful that plaintiff will be able to persuade this court to vacate the dismissal of this case and reinstate it to the active docket. However, plaintiff has cited authority suggesting that he at least has the right to a hearing in this regard, *see Greater Kansas City Laborers Pension Fund v. Paramount Industries, Inc.*, 829 F.2d 644 (8th Cir. 1987), and this court will, out of an abundance of caution, set this matter for hearing so that it can personally evaluate the testimony and credibility of relevant witnesses.

During the hearing, Waites acknowledged that he had spoken with his attorneys and that he had accepted their advice to dismiss the case because his attorneys told him it could not be successful. Although Waites maintained that his attorneys never mentioned the words "sanctions" to him, one of Waites's attorneys testified at the hearing that she had "told him on more than one occasion that we had been possibly sanctioned . . . [and that] it was possible we would almost have to pay about $7,000."

Based on this testimony, the District Judge denied the motion to vacate, stating:

No. 12-60236

This court found [Waites's counsel's] testimony to be credible, partly due to the fact that its own analysis of the case reveals a lawsuit which is rife with difficulties. Indeed, plaintiff's counsel conceded at the hearing that his case had "problems," which is likely an understatement. This court might be more willing to give plaintiff the benefit of the doubt if it were faced with a seemingly strong case which had inexplicably been dismissed, but such is not the case. In sum, this court witnessed testimony which, in its view, credibly described a conscious and informed decision by plaintiff to dismiss a case which likely should have been dismissed. Plaintiff's motion to reinstate this case to the active docket will therefore be denied.

Waites timely appealed.

## STANDARD OF REVIEW

Because Waites's motion was filed within 28 days of the judgment, it is treated as a Rule 59(e) motion. FED. R. CIV. P. 59(e); *see Williams v. Thaler*, 602 F.3d 291, 303 n.7 (5th Cir. 2010); *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 483 (5th Cir. 2004) ("Rule 59(e) motions provide relief for the movant on grounds at least as broad as Rule 60 motions."). The denial of a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) is reviewed for abuse of discretion. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir. 1993).

"[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence,' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

No. 12-60236

## DISCUSSION

Waites argues on appeal that a conflict of interest existed between himself and his lawyers because his attorneys had a "direct financial interest in obtaining . . . dismissal" of the case. Waites further argues that he was never informed about the conflict, and therefore failed to give informed consent to his representation and to the finalized judgment.

In evaluating conflicts of interest, "courts should first look to 'the local rules promulgated by the local court itself,'" *In re ProEducation Int'l Inc.*, 587 F.3d 296, 299 (5th Cir. 2009) (citation omitted), which in this case means that we look to the Mississippi Rules of Professional Conduct. *See* U.S. Dist. Ct. Rules D. Miss. R. 83.5 ("An attorney who makes an appearance in any case in the district court is bound by the provisions of the Mississippi Rules of Professional Conduct . . ."). Rule 1.7(b) of the Mississippi Rules of Professional Conduct states that "A lawyer shall not represent a client if the representation of that client may be materially limited by . . . the lawyer's own interests, unless the lawyer reasonably believes: (1) the representation will not be adversely affected; and (2) the client has given knowing and informed consent after consultation."[1]

We need not address whether the avoidance of sanctions created a conflict of interest between Waites and his attorneys. Even if a conflict was present, Waites nevertheless fails to demonstrate a "manifest error of law or fact" in the district court's decision. *Rosenzweig*, 332 F.3d at 863 (citation and internal quotation marks omitted). Although the district court did not directly address whether a conflict of interest was present, it held an evidentiary hearing to determine whether Waites was adequately informed of the reasons for

---

[1] The Fifth Circuit also looks to the ABA Model Rules of Professional Conduct in evaluating ethical conflicts. *In re ProEducation*, 587 F.3d at 299. The relevant model rule, however, is substantially similar to the Mississippi rule. *See* MODEL RULES OF PROF'L CONDUCT R. 1.7.

No. 12-60236

dismissing the case, and whether Waites gave knowing and informed consent to the dismissal. Based on the evidence presented in the affidavits and during the hearing, the district court, in its fact finding capacity, credited the testimony of Waites's attorney, who explained that Waites was fully informed of all the reasons for the dismissal, including the avoidance of sanctions. This is sufficient to show that Waites "consent[ed] to representation despite a possible conflict." *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1314 (5th Cir. 1995) (citing MODEL RULES OF PROF'L CONDUCT 1.7). Accordingly, the district court did not abuse its discretion in denying Waites's motion to vacate the agreed order.

## CONCLUSION

For the reasons given above, the district court's denial of Waites's motion to vacate the agreed order is AFFIRMED.