# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3150

_____

Western Thrift and Loan Corp., a Nevada corporation

*Plaintiff - Appellee*

v.

Sebastian Rucci

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 16, 2015
Filed: February 9, 2016

_____

Before SMITH, BYE, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

Sebastian Rucci appeals the district court's[1] order enforcing the terms of an agreement he entered into with Western Thrift and Loan Corporation to settle a malpractice lawsuit. We affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

During a settlement conference before a magistrate judge[2] in November 2013, Western Thrift and Loan Corporation (Western Thrift) and Sebastian Rucci settled Western Thrift's malpractice lawsuit against Rucci. Under the terms of the settlement, Rucci agreed to pay money to Western Thrift within fifteen days of the dismissal of the case. The parties agreed to release "any remaining claims, claims that were dismissed, [and] everything . . . that was or could have been brought in connection with [the] lawsuit."

The magistrate judge read the terms of the settlement into the record and noted the parties did not need to memorialize the settlement agreement for it to have effect:

> And the other thing I want to emphasize to both sides is, you know, once we get on the record and everyone accepts, both sides presumably accept on the record, once that's done, we're done. Even if he – no one, you know, follows up and executes anything, I'm going to enforce [the settlement]. So, I want to make that clear that once we're done with the record, it's a done deal.

The magistrate judge then questioned both parties on the record and confirmed that they agreed to the material terms of the settlement as stated by the court. Rucci, appearing pro se, asked the magistrate judge if there would be settlement documents. The magistrate judge explained that typically the parties would prepare a stipulation of dismissal and settlement documents to submit to the court, but the magistrate judge also noted the court could still enforce the terms of the settlement without written settlement documents: "I mean, theoretically, if you walk out of here and don't follow up, I could enforce that." Rucci indicated he understood the material terms and he was willing to accept and bind himself to the deal.

---

[2]The Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

The parties did not submit settlement documents to the court, and on June 3, 2014, the district court entered an order sua sponte dismissing the action with prejudice. The dismissal order reserved jurisdiction for forty-five days to permit any party to submit a memorialization of the settlement agreement or to move to enforce the settlement terms.

On July 18, 2014 – forty-four days after the district court entered the dismissal order – Western Thrift moved to enforce the settlement agreement after Rucci failed to make the payments the agreement required. On September 2, 2014, the district court granted Western Thrift's motion to enforce the settlement agreement and ordered Rucci to pay Western Thrift within seven days. Rucci appeals.

II

On appeal, Rucci argues the district court erred when it enforced the settlement agreement.[3] We review the district court's finding that a settlement agreement is enforceable for clear error. Harris v. Arkansas State Highway & Transp. Dep't, 437 F.3d 749, 751 (8th Cir. 2006).

Rucci argues the settlement agreement was unenforceable for two reasons. First, Rucci argues the district court did not have jurisdiction to enforce the settlement agreement. This argument is contrary to the well-established rule that a district court may retain ancillary jurisdiction to enforce a settlement agreement when its order dismissing the case reserves such jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994) ("The situation would be quite different if the

---

[3]Rucci also raises two issues related to the merits of the underlying case. Rucci, however, waived his right to contest the merits of the underlying case when he entered into the settlement agreement. Since the settlement agreement is enforceable, these issues are moot. Chaganti & Assoc., P.C. v. Nowotny, 470 F.3d 1215, 1225 (8th Cir. 2006).

parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist."). Here, the district court's dismissal order expressly reserved ancillary jurisdiction to enforce the terms of the settlement agreement for forty-five days. The district court therefore had jurisdiction to enforce the agreement, because Western Thrift moved to enforce the settlement agreement within the forty-five day time period.

Second, Rucci argues the settlement agreement was not enforceable because the oral agreement was merely tentative, and the parties never memorialized the agreement. However, the settlement did not need to be reduced to writing to bind the parties, as the magistrate judge explained: "Even if he – no one, you know, follows up and executes anything, I'm going to enforce [the settlement]. So, I want to make that clear that once we're done with the record, it's a done deal." Rucci indicated he understood the agreement did not need to be memorialized to be enforceable. Therefore, the record itself was sufficient to create an enforceable settlement agreement, even though the parties did not memorialize the agreement. See Austin Farm Center, Inc. v. Austin Grain Co., 418 N.W.2d 181, 184 (Minn. 1988) (noting a settlement agreement does not need to be in writing to bind the parties).

III

For the foregoing reasons, the judgment of the district court is affirmed.

_____