# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-3657

———————————————

Larisa Dirkzwager

*Plaintiff - Appellant*

v.

Archer-Daniels-Midland Company

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of North Dakota - Western

——————————

Submitted: August 18, 2023
Filed: August 23, 2023
[Unpublished]

——————————

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

——————————

PER CURIAM.

North Dakota resident Larisa Dirkzwager appeals the district court's[1] order enforcing a settlement agreement and dismissing her employment discrimination action. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

Contrary to Dirkzwager's contention on appeal, the district court had jurisdiction to enforce the settlement agreement because it had original jurisdiction over her employment discrimination claims, and the case was still pending. *See* 28 U.S.C. § 1331 (district courts have original jurisdiction of all civil actions arising under laws of United States); *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995) (district court possesses power to enforce settlement agreement in case pending before it).

This court concludes that the district court did not clearly err in finding that the oral agreement reached at the settlement conference was enforceable, that it did not materially differ from the written agreement, and that Dirkzwager did not provide a sufficient justification for revoking it. *See W. Thrift & Loan Corp. v. Rucci*, 812 F.3d 722, 724-25 (8th Cir. 2016) (standard of review; oral settlement agreement was enforceable when parties confirmed existence of enforceable agreement before magistrate judge even though parties did not memorialize it); *Sheng v. Starkey Labs.*, 117 F.3d 1081, 1083 (8th Cir. 1997) (settlement agreements that do not expressly resolve ancillary issues can be enforceable; perceiving no clear error when district court found that settlement did not hinge on tax treatment of payment or on other particulars); *Justine Realty Co. v. American Nat'l Can Co.*, 976 F.2d 385, 391 (8th Cir. 1992) ("In the absence of mistake or fraud, a settlement agreement will not be lightly set aside."). This court declines to consider arguments that Dirkzwager raises for the first time on appeal. *See Shanklin v. Fitzgerald*, 397 F.3d 596, 601 (8th Cir. 2005) ("Absent exceptional circumstances, we cannot consider issues not raised in the district court.").

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____