# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-1129

_____

Jesse L. Morgan

*Plaintiff - Appellee*

v.

Vogler Law Firm, P.C.; Vincent D. Vogler; Vincent V. Vogler; Ronald K. Reynolds

*Defendants - Appellants*

_____

No. 19-1175

_____

Jesse L. Morgan

*Plaintiff - Appellant*

v.

Vogler Law Firm, P.C.; Vincent D. Vogler; Vincent V. Vogler; Ronald K. Reynolds

*Defendants - Appellees*

_____

Appeals from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 10, 2019
Filed: February 12, 2020
[Unpublished]
_____

Before ERICKSON, ARNOLD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jesse Morgan sued Vogler Law Firm, Vincent D. Vogler, and Vincent V. Vogler, alleging they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and he sued Ronald K. Reynolds, alleging he violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* The district court granted summary judgment in favor of Morgan and awarded him $3,223.48 in statutory damages and $61,890.00 in attorneys' fees calculated under the lodestar approach. The order awarding attorneys' fees and costs to Morgan was entered on December 3, 2018, creating a January 2, 2019, appeal deadline. The deadline passed without any notice of appeal having been filed. On January 15, nearly two weeks after the appeal was due, Reynolds and the Vogler defendants moved for leave to file a late notice of appeal, asserting a computer server error prevented filing a timely notice. The court granted the motion. Both sides now appeal.

We review the grant of a motion to extend time to file a notice of appeal for abuse of discretion. Gibbons v. United States, 317 F.3d 852, 853-54 (8th Cir. 2003). In a civil case, a party must file a notice of appeal within thirty days of the entry of judgment or order from which they appeal. Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if the party: (1) moves to extend no more than thirty days after the deadline has passed, and (2) shows excusable neglect or good cause for failing to timely file. Fed. R. App. P. 4(a)(5)(A). The relevant standard in this case is excusable neglect. See Gibbons, 317 F.3d at 853 n.3

-2-

(explaining that "good cause" applies to reasons for delay outside a party's control under Rule 4, as clarified in the advisory notes).

A party must provide a satisfactory explanation to merit an extension based on excusable neglect. Gibbons, 317 F.3d at 855. Determining whether a party has shown excusable neglect requires equitable analysis "taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The party's reason for the delay is critical to our inquiry. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000).

Appellants' notice of appeal was due January 2, 2019. On January 15, 2019, they filed a motion to extend time to file the notice, having missed the January 2 deadline. The motion detailed a computer server malfunction at the Vogler defendants' law firm, which prevented attorneys from sending an email to Reynolds containing a proposed notice of appeal.

According to the motion and accompanying declarations, system repairs were made December 23, 2018, and the Vogler defendants' attorneys became aware of the lost email on January 5, 2019. The motion and its exhibits provide no reason at all for the additional ten-day delay between Appellants learning of the computer error and submitting the motion. Having failed to provide any reason for this delay, we find Appellants have not made a showing of excusable neglect for filing an untimely notice of appeal. The district court's order granting the motion to extend time to file a notice of appeal is reversed. Due to Appellants' untimely notice and Morgan's waiver, we dismiss the entire appeal and do not reach the parties' challenges to the attorneys' fees award.

_____

-3-